BRAESWOOD HARBOR PARTNERS AND THE PROPERTY OWNERS and by and through its Authorized Agent PATRICK O'CONNOR & ASSOCIATES, INC., and Apartment Holdings # 4, Ltd., Appellants,

v.

HARRIS COUNTY APPRAISAL DISTRICT and the Appraisal Review Board of Harris County Appraisal District, Appellees.

No. 01–00–01034–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 10, 2002.

Hugh L. McKenney, McKenney & Associates, P.C., Houston, for Appellants.

Robert McConnell, Olson & Olson, Houston, for Appellees.

Panel consists of Justices COHEN, HEDGES, and TAFT.

## OPINION

TIM TAFT, Justice.

Appellants are three differently named entities: Braeswood Harbor Partners and the Property Owners (Braeswood); Braeswood's authorized agent, Patrick O'Connor & Associates, Inc. (O'Connor); and Apartment Holding # 4, Ltd. Appellants challenge a summary judgment, rendered on the motion of appellees, the Appraisal Review Board for the Harris County Appraisal District (the review board) and the Harris County Appraisal District (the district). This motion urged the trial court to dis-

miss, for lack of jurisdiction, Braeswood's and O'Connor's claims for judicial review of the review board's appraised valuation of real property. The trial court granted the motion and dismissed Braeswood's and O'Connor's claims. Appellants present five issues challenging this ruling. We conclude the judgment challenged is interlocutory and, therefore, unappealable. We dismiss the appeal for want of jurisdiction.

### Facts and Procedural History

The appraisal review board and the district moved for summary judgment on Braeswood's and O'Connor's original petition, which sought judicial review, as owners or authorized agent of the owners, of an order of the appraisal review board. *See* TEX. TAX CODE ANN. § 42.01(1) (Vernon Supp.2002) (authorizing "property owner" to appeal order of appraisal review board). The review board and the district moved for summary judgment and to dismiss Braeswood's and O'Connor's claims, claiming they were not proper parties because neither Braeswood nor O'Connor qualified as "owners" of the property at issue, which had been transferred to appellant, Apartment Holdings # 4, Ltd.

Shortly after the review board and the district moved for summary judgment, Braeswood and O'Connor amended their pleadings to include Apartment Holdings # 4, Ltd., as an additional plaintiff. On the same day they amended the pleadings, all three plaintiffs filed a response to the review board's and district's motion for summary judgment to assert, in part, that the newly added plaintiff was the correct property owner. The review board and the district filed a reply disputing the propriety of adding Apartment Holdings # 4, Ltd. as a plaintiff, but did not move for summary judgment against Apartment Holdings # 4, Ltd. Although the trial court's order granting summary judgment

bears the title "Final Judgment" and expressly states, "Any and all other relief not granted herein is denied[,]" the judgment addressed only the claims of Braeswood and O'Connor.

### Jurisdiction—Finality

■■■ Excluding certain statutory exceptions that do not apply here, this Court's appellate jurisdiction is limited to review of final judgments that dispose of all parties and claims. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When, as here, there has been no trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or clearly and unequivocally states that it finally disposes of all claims and parties. *Id.* at 205.

■■ The provision denying "all relief not granted herein," while effective to deny Braeswood's and O'Connor's claims against the review board and the district, did not address the claims of the newly added plaintiff, Apartment Holdings # 4, Ltd. Moreover, in moving for summary judgment, the review board and the district did not request disposition of Apartment Holdings # 4, Ltd., or its claims. Accordingly, the judgment challenged here did not dispose of either. *See id.* at 203–04, 206. Because the judgment challenged is, therefore, interlocutory, and because no statute authorizing appeals from interlocutory orders applies, this Court has no jurisdiction over the appeal.

### On Denial of Motion for Extension of Time to Pursue Nunc Pro Tunc Judgment

Rule 42.3 of the Rules of Appellate Procedure governs involuntary dismissals of civil cases. TEX.R.APP. P. 42.3. On September 24, 2001, in compliance with rule 42.3, we issued an order notifying

appellants of our intent to dismiss for want of jurisdiction unless, within 30 days of the date of that order, appellants requested and paid for, and the district court filed within that period, a supplemental clerk's record demonstrating that the claims of Apartment Holding # 4, Ltd., had been disposed of or severed. *See* TEX.R.APP. P. 42.3 (requiring 10 days notice of intent to dismiss on appellate court's own initiative).

■ Appellants have not filed a supplemental record, but have filed a "Motion for Extension of Dismissal for Want of Jurisdiction," to request additional time to respond to our order of September 24, 2001. Appellants based their request on their intent to seek a nunc pro tunc summary judgment that properly disposes of all appellants. We deny the motion. *See Mathes v. Kelton,* 569 S.W.2d 876, 877 (Tex.1978) (illustrating, as example of judicial error, not correctable by judgment nunc pro tunc, judicial determination that terms of judgment rendered should be changed); *In re Rollins Leasing, Inc.,* 987 S.W.2d 633, 637 (Tex.App.-Houston [14th Dist.] 1999) (orig. proceeding) (holding that correction of judgment to reflect dismissal of only one defendant rather than two initially dismissed was judicial error, not correctable by judgment nunc pro tunc).

### Conclusion

We dismiss the appeal for want of jurisdiction. All pending motions are overruled.