Opinion issued April 29, 2004












In The
Court of Appeals
For The 
First District of Texas




NO. 01-03-00711-CV




 LONNIE PHILLIPS, JR., and LANCE PHILLIPS, AS NEXT FRIEND OF
LONNIE PHILLIPS, JR., Appellants

V.

BETTY WILLY; KIMBERLY RAE BING THOMPSON, AS EXECUTRIX
OF THE ESTATE OF KENNETH BING, SR.; AND KENNETH W. BING,
JR., Appellees




On Appeal from the 23rd District Court
 Brazoria County, Texas
Trial Court Cause No. 11869*BH00




MEMORANDUM OPINION

          Appellants, Lonnie Phillips, Jr. and Lance Phillips, as next friend of Lonnie
Phillips, Jr., challenge the trial court’s order denying their motion for summary
judgment and granting summary judgment motions filed separately by appellees Betty
Willy and Kimberly Bing Thompson, as executrix of the estate of Kenneth Bing, Sr.
Thompson has moved to dismiss the appeal for want of jurisdiction. She asserts that
the trial court’s orders were interlocutory because the orders did not dispose of
Kenneth W. Bing, Jr., a party named and served in the lawsuit. We conclude that the
challenged orders are interlocutory and, therefore, unappealable. We grant the
motion to dismiss the appeal and dismiss the appeal for want of jurisdiction.



Facts and Procedural History
          On May 5, 2000, appellants initiated a lawsuit for adverse possession of a 50-acre tract of land that had previously been owned by Bing, Sr. and Anthony Willy. 
Bing, Sr. and Anthony Willy were both deceased when appellants initiated the
underlying cause of action. Before the suit’s filing, appellees, Thompson and Bing,
Jr., had each filed, in the probate court, separate wills executed by Bing, Sr. 
Thompson was Bing, Sr.’s granddaughter. One of the wills named Thompson as the
executrix of Bing, Sr.’s estate, and the other will named Bing, Jr. as executor of
Bing, Sr.’s estate. As a result, both Thompson and Bing, Jr. were named defendants
in appellants’ adverse-possession lawsuit. Appellee Betty Willy was also named as
a defendant in appellants’ lawsuit because she was Anthony Willy’s widow and
devisee. Appellants properly served citation on all of the named defendants in the
underlying lawsuit. 
          Appellants moved for summary judgment in 2003, asserting that there were no
issues of disputed fact regarding Lonnie Phillips, Jr.’s possession and use of the land
in question. The trial court denied appellants’ motion. Appellees Willy and
Thompson filed separate motions for summary judgment, which motions the trial
court granted on May 12, 2003, and October 28, 2003, respectively.JurisdictionExcluding certain statutory exceptions that do not apply here, this Court’s
appellate jurisdiction is limited to review of final judgments that dispose of all parties
and claims. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). 
When, as here, there has been no trial on the merits, an order or judgment is not final
for purposes of appeal unless it actually disposes of every pending claim and party
or clearly and unequivocally states that it finally disposes of all claims and parties. 
Id. at 205.
          It is undisputed that Bing, Jr. was served as a party in appellants’ lawsuit. 
Appellants indicated, in their response to Thompson’s motion to dismiss, that Bing,
Jr. initially was served as a party in his capacity as executor of the estate of Bing, Sr. 
In the same response, appellants allege that, subsequently, they became aware that
there was a dispute as to whether Bing, Jr. or Thompson was the rightful
representative of the estate. As a result, appellants served Thompson in her capacity
as executrix. Neither of the trial court’s orders granting summary judgment disposed
of the claims against Bing, Jr., either in his individual capacity or as executor of his
father’s estate. 
          Appellants assert that it was unnecessary for the trial court to dispose of Bing,
Jr. as a party because Thompson had the authority, as executrix, to dispose of all
issues pertaining to Bing, Sr.’s estate without Bing, Jr.’s being included in the
judgment and because Bing, Jr. defaulted by failing to file an answer.


 
           Appellants rely on Lowman v. Falsetti, 335 F.2d 632 (5th Cir. 1964), for the
proposition that all that was necessary for the court’s orders granting summary
judgment to be final was that Bing, Jr. be provided notice of the proceedings and
given an opportunity to participate. However, the facts in Lowman are
distinguishable from those in the present case. In Lowman, the probate court had
dismissed the estate administratrix prior to the entry of final judgment. Id. at 638. 
The Fifth Circuit Court of Appeals opined that it is not necessary, in every case, for
the administratrix to remain a party throughout the entire course of the litigation
involving an estate. Id. In this case, however, the trial court has not dismissed Bing,
Jr. as a party. Moreover, appellants concede that the trial court never signed a default
judgment against Bing, Jr. for his failure to answer. Consequently, it is immaterial
that Thompson might have been authorized to represent Bing, Sr.’s estate without
Bing, Jr. because he nonetheless remained a party to the lawsuit. Therefore, Lowman
is not instructive.
           Appellants also rely on Peco Construction Co. v. Guajardo, 919 S.W.2d 736
(Tex. App.—San Antonio 1996, writ denied), to show that it is not necessary to
dispose of all named defendants for a judgment to be considered final. In Guajardo,
the court noted that only one of two defendants named in the lawsuit had appealed
and that it was not clear what disposition was made of the defendant who did not
appeal. See id. at 738 n.1. Because the judgment was not clear as to against whom
it was rendered, and because the defendants had stipulated that liability as to one
defendant bound the other, the court found that the judgment was final for purposes
of appeal. See id. Here, the summary judgment orders clearly did not dispose of
Bing, Jr., and there was no prior stipulation that all defendants would be bound by an
order affecting the others. Accordingly, the trial court’s summary judgment orders
in favor of Willy and Thompson are interlocutory and, therefore, nonappealable. See
Braeswood Harbor Partners & Prop. Owners ex. rel Patrick O’Connor & Assoc. v.
Harris County Appraisal Dist., 69 S.W.3d 251, 252 (Tex. App.—Houston [1st Dist.]
2002, no pet.). Because the orders challenged are interlocutory, and because no
statute authorizing appeals from interlocutory orders applies, this Court has no
jurisdiction over the appeal. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014
(Vernon 2004) (allowing appeals of certain interlocutory orders).Conclusion
          We grant Thompson’s motion to dismiss the appeal. We dismiss the appeal for
want of jurisdiction. We overrule all remaining motions that are pending.

 



Tim Taft
                                                            Justice
Panel consists of Justices Taft, Hanks, and Higley.