In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00141-CV
______________________________


JOHN WAYNE CHARLESTON, Appellant
Â 
V.
Â 
KENNETH PATE, ET AL., Appellees


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the Fifth Judicial District Court
Cass County, Texas
Trial Court No. 04-C-230


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Cornelius, *JJ.
Memorandum Opinion by Chief Justice Morriss

____________________________________________
*William J. Cornelius, Retired, Chief Justice, Sitting by Assignment

MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Â Â John Wayne Charleston sued a number of Cass County officials, including Jack Carter, the
former judge of the Fifth Judicial District Court. Charleston alleged the defendants conspired to
violate his civil rights. Carter moved to dismiss the claims against him under the doctrine of judicial
immunity and on the basis that Charleston had failed to comply with the requirements of Chapter
14 of the Texas Civil Practice and Remedies Code. The trial court granted Carter's motion, and
Charleston appealed. 
Â Â Â Â Â Â Â Â Â Â Â Â As a general rule, an appeal may be taken only from a final judgment. Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). "Interlocutory orders may be appealed only if permitted by
statute." Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex. 1992); see generally Tex.
Civ. Prac. & Rem. Code Ann. Â§ 51.014 (Vernon Supp. 2004â2005). "A final judgment is one
which disposes of all legal issues between all parties." Tipps, 842 S.W.2d at 272. 
Â Â Â Â Â Â Â Â Â Â Â Â The trial court's order disposes of only Charleston's claims against Carter. It does not
address, nor does it attempt to address, Charleston's claims against the remaining defendants. 
Charleston did not move to have his claims against Carter severed, nor did he nonsuit the remaining
defendants, either of which actions would have served to convert the trial court's order into a final
judgment. The facts and procedural posture of this case do not permit Charleston to prosecute this
interlocutory appeal pursuant to Section 51.014 of the Texas Civil Practice and Remedies Code. 
Braeswood Harbor Partners & Prop. Owners v. Harris County Appraisal Dist., 69 S.W.3d 251, 252
(Tex. App.âHouston [1st Dist.] 2002, no pet.) (trial court's judgment did not dispose of all claims;
appeal of interlocutory order dismissed for want of jurisdiction).
Â Â Â Â Â Â Â Â Â Â Â Â We dismiss the appeal for want of jurisdiction.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Josh R. Morriss, III
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â December 30, 2004
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â December 31, 2004Â Â Â Â  




se" Name="Medium Grid 2 Accent 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-09-00182-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  JEFFERY WAYNE WORTH,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 71st Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Harrison County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 09-0128X

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Justice Moseley








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUMÂ 
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Jeffery
Wayne Worth appeals from his convictions by the trial court on two charges of
enhanced aggravated robbery with a deadly weapon. Worth has filed a single
brief, in which he raises a single issue which is common to both of his
appeals.Â  He argues that the trial court
committed reversible error in failing to properly admonish him that he could
face deportation if he was not a United States citizen prior to entry of his
guilty plea.

Â Â Â Â Â Â Â Â Â Â Â  We addressed
this issue in detail in our opinion of this date on WorthÂs appeal in cause
number 06-09-00181-CR.Â  For the reasons
stated therein, we likewise conclude that error has not been shown in this
case.

Â Â Â Â Â Â Â Â Â Â Â  We affirm
the judgment.

Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Bailey
C. Moseley

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  February
1, 2010

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  February
2, 2010

Â 

Do Not Publish