Opinion issued February 5, 2009











     



In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00717-CV




ZURICH AMERICAN INSURANCE COMPANY, Appellant

v.

SANDRA A. DEBOSE, Appellee




On Appeal from the 133rd District Court 
Harris County, Texas
Trial Court Cause No. 2006–54103




MEMORANDUM OPINION 
          In this case, appellant, Zurich American Insurance Company, filed suit for
judicial review of a Texas Department of Insurance, Division of Workers’
Compensation Appeals Panel’s decision, which favored appellee, Sandra A. Debose. 
Debose answered the suit and filed a counter-claim for attorney’s fees pursuant to
Labor Code section 408.221. Zurich American filed a motion for summary judgment
asserting that it was entitled to judgment as a matter of law with respect to its
challenges to the panel’s decision. Debose also filed a motion for summary judgment
in which she contended that Zurich American’s claims should be denied as a matter
of law. 
          The trial court granted Debose’s motion for summary judgment. The trial
court’s order, captioned “Final Judgment,” orders that Zurich American “shall TAKE
NOTHING by this action” and awards costs to Debose against Zurich American. The
order also contains a Mother Hubbard clause, which provides, “All relief not granted
herein is DENIED.” Zurich American appeals the order.
          Debose has filed a motion to dismiss Zurich American’s appeal. Debose
contends that the trial court’s order is not a final, appealable judgment because her
claim for attorney’s fees is still pending. We agree. Although the trial court’s order
granting summary judgment to Debose bears the title “Final Judgment” and expressly
states, “Any and all other relief not granted herein is denied[,]” the order addresses
only Zurich American’s claims and makes no mention of Debose’s claim for
attorney’s fees. 
          When there has been no conventional trial on the merits, an order or judgment
is not final for purposes of appeal unless it actually disposes of every pending claim
and party or clearly and unequivocally states that it finally disposes of all claims and
all parties. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001). A
summary judgment order that does not appear final on its face and does not dispose
of a pending claim for attorney’s fees is not final. McNally v. Guevara, 52 S.W.3d
195, 196 (Tex. 2001). 
          The summary judgment order in this case does not unequivocally state that it
finally disposes of all claims and all parties in the underlying case, nor does it
otherwise dispose of Debose’s counterclaim for attorney’s fees. Moreover, in moving
for summary judgment, Debose did not request disposition of her attorney’s fees
claim. Based on the record, we conclude that the order is not appealable. See id.;
Lehmann, 39 S.W.3d at 205; see also Braeswood Harbor Partners & Prop. Owners
v. Harris County Appraisal Dist., 69 S.W.3d 251, 252 (Tex. App.—Houston [1st
Dist.] 2002, no pet.) (dismissing appeal from order granting summary judgment
because order did not dispose of certain claims, even though order was entitled “Final
Judgment” and contained Mother Hubbard clause).
 

          We grant Debose’s motion to dismiss. We dismiss the appeal for lack of
jurisdiction. 




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Jennings, Keyes, and Higley.