Opinion issued March 26, 2009











     



In The
Court of Appeals
For The
First District of Texas




NO. 01-08-00717-CV




ZURICH AMERICAN INSURANCE COMPANY, Appellant

v.

SANDRA A. DEBOSE, Appellee




On Appeal from the 133rd District Court 
Harris County, Texas
Trial Court Cause No. 2006–54103




MEMORANDUM OPINION ON REHEARING
          Appellant, Zurich American Insurance Company, filed a motion for rehearing. 
We grant the motion for rehearing and withdraw our opinion of February 5, 2009 and
issue this opinion in its stead. Our judgment of the same date remains unchanged. 
          Zurich American filed suit for judicial review of a Texas Department of
Insurance, Division of Workers’ Compensation Appeals Panel’s decision, which
favored appellee, Sandra A. Debose. Debose answered the suit and filed a counter-claim for attorney’s fees pursuant to Labor Code section 408.221. Zurich American
filed a motion for summary judgment asserting that it was entitled to judgment as a
matter of law with respect to its challenges to the panel’s decision. Debose also filed
a motion for summary judgment in which she contended that Zurich American’s
claims should be denied as a matter of law. 
          The trial court granted Debose’s motion for summary judgment. After the trial
court signed the order granting the motion, Debose filed a “Motion for
Reimbursement of Attorney’s fees Pursuant to Statute.” The trial court held a hearing
on the motion but has not ruled on Debose’s request for attorney’s fees.
          The trial court’s order granting Debose’s motion for summary judgment is
captioned “Final Judgment,” orders that Zurich American “shall TAKE NOTHING
by this action,” and awards costs to Debose against Zurich American. The order also
contains a Mother Hubbard clause, which provides, “All relief not granted herein is
DENIED.” Zurich American appeals the order.
          Debose has filed a motion to dismiss Zurich American’s appeal. Debose
contends that the trial court’s order is not a final, appealable judgment because her
claim for attorney’s fees is still pending. Although the trial court’s order granting
summary judgment to Debose bears the title “Final Judgment” and expressly states,
“Any and all other relief not granted herein is denied[,]” the order addresses only
Zurich American’s claims and makes no mention of Debose’s claim for attorney’s
fees. Zurich American contends that the order is a final, appealable judgment because
Dubose “abandoned” any claim for attorney’s fees when she moved for entry of a
final summary judgment without asking for disposition of her attorney’s fees claim. 
          The Supreme Court of Texas has explained that there is no presumption that
a motion for summary judgment addresses all of the movant’s claims. McNally v.
Guevara, 52 S.W.3d 195, 196 (Tex. 2001) (citing New York Underwriters Ins. Co.
v. Sanchez, 799 S.W.2d 677, 678–679 (Tex. 1990)). More particularly, a movant’s
omission of its claim for attorney’s fees from a motion for summary judgment does
not waive the claim. Id. Thus, Dubose did not abandon her attorney’s fees claim by
omitting any mention of it from her motion for summary judgment. See id.
          To determine whether the order at issue was a final, appealable judgment we
apply the familiar standard articulated in Lehmann v. Har-Con Corp., 39 S.W.3d 191,
205 (Tex. 2001). There, the Supreme Court of Texas clarified that, when there has
been no conventional trial on the merits, an order or judgment is not final for
purposes of appeal unless it actually disposes of every pending claim and party or
clearly and unequivocally states that it finally disposes of all claims and all parties. 
Id. Applying this standard, the McNally court held that a summary judgment order
that did not appear final on its face and did not dispose of a pending claim for
attorney’s fees was not an appealable judgment. McNally, 52 S.W.3d at 196. 
          In this case, the summary judgment order does not unequivocally state that it
finally disposes of all claims and all parties in the underlying case, nor does it
otherwise dispose of Debose’s counterclaim for attorney’s fees. Based on the record,
we conclude that the order is not an appealable judgment. See id.; Lehmann, 39
S.W.3d at 205; see also Braeswood Harbor Partners & Prop. Owners v. Harris
County Appraisal Dist., 69 S.W.3d 251, 252 (Tex. App.—Houston [1st Dist.] 2002,
no pet.) (dismissing appeal from order granting summary judgment because order did
not dispose of certain claims, even though order was entitled “Final Judgment” and
contained Mother Hubbard clause).
 

          We grant Debose’s motion to dismiss. We dismiss the appeal for lack of
jurisdiction. 




                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Jennings, Keyes, and Higley.