Opinion issued June 18, 2009



 





     





In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00964–CV




AETERNIA ENTERPRISES U.S.A., LTD., Appellant

V.

MAGNITOGORSK STEEL AND WIRE WORKS, Appellee




On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2002–57016




MEMORANDUM OPINION

          Appellant, Aeternia Enterprises U.S.A., Ltd. (“Aeternia”), challenges the trial
court’s order granting appellee Magnitogorsk Steel and Wire Works’s (“MMMZ”)
motion to compel arbitration. Because the challenged order cannot form the basis of
an appeal, we dismiss for want of jurisdiction.
          We affirm.
Background
          Aeternia and MMMZ, a Russian corporation, entered into a written contract
(“the contract”) whereby Aeternia agreed to purchase nails manufactured by MMMZ. 
After the business dealings between the parties soured, Aeternia filed the instant suit
in Harris County, Texas, against MMMZ for breach of contract. Aeternia also sued
PrimeSource Building Products, Inc. (“PrimeSoure”) for tortiously interfering with
the contract. Although it claimed that Aeternia owed it money under the contract,
MMMZ did not file any counterclaims against Aeternia in the instant suit. Instead,
based on an arbitration provision in the contract, MMMZ initiated arbitration
proceedings in Russia against Aeternia. In the arbitration proceeding, MMMZ sought
to recover $256,535.14 from Aeternia. MMMZ initiated the arbitration after Aeternia
had filed suit in Texas, but before it was served with process. 
          After it received notice of the arbitration, Aeternia sent a letter to the Russian
arbitration tribunal in which the arbitration was pending. In the letter, Aeternia
informed the arbitration tribunal that it had filed suit against MMMZ in Texas and
would not be attending the scheduled arbitration proceeding. 
          MMMZ attended the arbitration hearing, but Aeternia did not attend. 
Aeternia’s claims against MMMZ, which form the basis of the instant suit, were not
presented to or decided by the Russian arbitration tribunal; only MMMZ’s claims
were presented to and considered by the tribunal. Ultimately, the arbitration tribunal
awarded $184,901.61 in favor of MMMZ and against Aeternia. 
          After the arbitration tribunal issued its written determination regarding the
award, MMMZ filed its “Motion to Enforce Arbitration Clause and Notice of
Arbitration Award.” In the motion, MMMZ asserted that Aeternia’s claims in the
instant suit are subject to the arbitration clause found in the contract between the
parties. For this reason, MMMZ requested the trial court to dismiss Aeternia’s claims
against it. MMMZ made no request for the trial court to enforce the Russian
arbitration court’s award. 
          The trial court signed an order granting MMMZ’s “Motion to Enforce
Arbitration Clause.” In the order, the trial court crossed out proposed language
stating that Aeternia’s claims against MMMZ were dismissed with prejudice. 
          Aeternia then filed a motion requesting the trial court to sever its cause of
action against PrimeSource from its cause of action against MMMZ and to “assign
the severed cause a new cause number.” The trial court signed an order granting
Aeternia’s motion to sever. In the order, the trial court severed Aeternia’s cause of
action against PrimeSource from Aeternia’s cause of action against MMMZ. The
trial court assigned the severed action against PrimeSource a new cause number,
leaving only Aeternia’s cause of action against MMMZ under the original cause
number. The severance order concludes by stating that “[u]pon execution of this
order, the Order Enforcing Arbitration Clause issued by this court in [the original
cause against MMMZ] will become the final order in such case.”
          Aeternia then filed a notice of appeal in the original cause number, resulting
in the instant appeal. In the notice of appeal, Aeternia averred, “The order being
appealed from is an Order Granting Motion to enforce Arbitration Clause, which was
made final by an Order of Severance. . . .” 
Jurisdiction
          Before reaching the merits of Aeternia’s appellate arguments, we must first
determine whether we have subject matter jurisdiction over the appeal. See Royal
Indep. School Dist. v. Ragsdale, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th
Dist.] 2008, no pet.). We conduct this inquiry sua sponte because jurisdiction is
fundamental in nature and may not be ignored. Id. (citing K & S Interests, Inc. v. Tex.
Am. Bank/Dallas, 749 S.W.2d 887, 890 (Tex. App.—Dallas 1988, writ denied)). We
must dismiss an appeal over which we have no jurisdiction. See id. Our appellate
jurisdiction is generally confined to appeals of final judgments, unless otherwise
authorized by statute.


 See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex.
2001). 
          No right of appeal lies from an interlocutory order granting a motion to compel
arbitration. See Mohamed v. Auto Nation USA Corp., 89 S.W.3d 830, 833 (Tex.
App.—Houston [1st Dist.] 2002, no pet.). Instead, regardless of whether the Texas
General Arbitration Act or the Federal Arbitration Act controls, only review by
mandamus lies over an order compelling arbitration.


 Id. at 834. There is an
exception to this rule. 
          The Supreme Court of Texas has recognized, “Courts may review an order
compelling arbitration [by appeal] if the order also dismisses the underlying action
so it is final rather than interlocutory.” Perry Homes v. Cull, 258 S.W.3d 580, 586
n.13 (Tex. 2008). For example, in Childers v. Advanced Foundation Repair, the
supreme court held that the order compelling arbitration was immediately reviewable
by appeal because the judgment stated that it was “final, disposes of all parties in this
case, is appealable, and disposes of this case in the entirety.” 193 S.W.3d 897, 989
(Tex. 2006). This holding is consistent with the general principle that, absent a
conventional trial on the merits, a judgment is final, “if and only if either it actually
disposes of all claims and parties then before the court, regardless of its language, or
it states with unmistakable clarity that it is a final judgment as to all claims and all
parties.” Lehmann, 39 S.W.3d at 192–93. 
          With these principles in mind, we turn to the record in the instant case to
determine whether it contains a final, appealable judgment. In so doing, we recognize
that, because the law does not require that a final judgment be in any particular form,
whether a judicial decree is a final judgment must be determined from its language
and the record in the case. Id. at 195. 
          In this case, a review of the record reveals that a final judgment has not been
rendered. Unlike in Childers, the trial court did not grant MMMZ’s request to
dismiss Aeternia’s claims against MMMZ. Cf Childers, 193 S.W.3d at 898. To the
contrary, the trial court here explicitly and purposefully crossed out the language in
the arbitration order dismissing Aeternia’s claims against MMMZ. Conspicuously
absent in this case is “all-encompassing” and “unequivocal” language found in the
Childers order. See id. (“This judgment is final, disposes of all parties and all claims
in this case, is appealable, and disposes of this case in the entirety.”). 
          The only indicia of finality found in the record is the concluding language of
the severance order, which states that “the Order Enforcing Arbitration Clause . . .
will become the final order” in the original cause number. However, such language
alone is not the type of clear and unequivocal language that transforms an otherwise
interlocutory order into a final judgment. See Lehmann, 39 S.W.3d at 205 (explaining
that “[a]n order does not dispose of all claims and all parties merely because it is
entitled ‘final,’ or because the word ‘final’ appears elsewhere in the order”); see also
Braeswood Harbor Partners & Prop. Owners v. Harris County Appraisal Dist., 69
S.W.3d 251, 252 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (dismissing appeal
from order granting summary judgment because order did not dispose of certain
claims, even though order was entitled “Final Judgment” and contained Mother
Hubbard clause).
          In addition, we requested the parties to brief the issue of whether the trial court
rendered a final, appealable judgment. Both Aeternia and Magnitogorsk filed
briefing asserting that the order compelling arbitration and the severance order
combine to form a final judgment in this case. In its brief, Aeternia asserts,
At the time the arbitration order was entered, it disposed of all of
[Aeternia’s] claims against [MMMZ] because it enforced an arbitration
clause when the arbitration had occurred unilaterally in Russia 18
months prior to the order. When [Aeternia’s] claims against [MMMZ]
were subsequently severed from [Aeternia’s] claims against
PrimeSource, the Arbitration Order then became a final judgment. In its briefing, MMMZ also contends that the order compelling arbitration
“disposed of” Aeternia’s claims against it, but acknowledges that the order was not
a final judgment because Aeternia’s claims against PrimeSource remained. Like
Aeternia, MMMZ asserts that once Aeternia’s claims against PrimeSource were
severed from Aeternia’s claims against MMMZ, the arbitration order became a final
judgment. 
          A severance divides the lawsuit into two or more separate and independent
causes. Hall v. City of Austin, 450 S.W.2d 836, 837–38 (Tex. 1970). Following a
severance, a judgment that disposes of all parties and issues in one of the severed
causes is final and appealable. Id. at 838. We disagree with Aeternia and MMMZ
that the order compelling arbitration in this case “disposed of” Aeternia’s claims
against MMMZ, regardless of whether an award was made by the Russian arbitration
tribunal. An arbitration award does not dispose of all subject claims until the trial
court confirms, modifies, or vacates the arbitration award. See Hisaw & Associates
General Contractors, Inc. v. Cornerstone Concrete Systems, Inc., 115 S.W.3d 16, 21
(Tex. App.—Fort Worth 2003, pet. denied); see also In re Gulf Exploration, LLC, No.
07-0055, 2009 WL 1028049, at *2 (Tex. Apr. 17, 2009) (“[A]fter arbitration, a court
order is needed to confirm, modify, or vacate the arbitration award.”). Here, MMMZ
did not request the trial court to confirm or otherwise rule on the propriety of the
arbitration award, and the trial court made no such ruling. 
          Moreover, the record reveals that it was MMMZ’s claims against Aeternia that
were arbitrated in the Russia. Aeternia’s claims against MMMZ were not arbitrated
and remain pending in the trial court. 
Conclusion 
          In this case, the trial court made no written order unequivocally and clearly
stating that it finally disposed of all claims in the underlying case, nor does the record
reflect that the trial court otherwise disposed of Aeternia’s claims against MMMZ. 
See Lehmann, 39 S.W.3d at 192–93. More precisely, nothing in the record indicates
that the trial court dismissed Aeternia’s claims against MMMZ, as required to
transform the order compelling arbitration into a final, appealable judgment. See
Perry Homes, 258 S.W.3d at 586 n.13; see also Childers, 193 S.W.3d at 898. Based
on the record, we conclude that the order compelling arbitration is not an appealable
judgment. 
 

          We dismiss the appeal for lack of jurisdiction.




                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Jennings, Alcala, and Higley.