**Dismissed and Opinion Filed April 26, 2016**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00245-CV

### INAYATALI RAJANI AND THE RAJANI GROUP, Appellants

### V.

### GQ ENTERPRISES CORPORATION, Appellee

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-05188**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Chief Justice Wright

This appeal follows the trial court's order granting partial summary judgment on GQ Enterprises Corporation's traditional and no-evidence motion for summary judgment. GQ's motion sought judgment on all of the claims brought against it by Inayatali Rajani and The Rajani Group (collectively, Rajani), but did not address GQ's counterclaims against Rajani. Asserting we lack jurisdiction over the appeal because the summary judgment order is not final or otherwise appealable, GQ has filed a motion to dismiss.

Subject to mostly statutory exceptions not applicable here, an appeal may generally only be taken from a final judgment, that is, from a judgment that disposes of all pending parties and claims in the record. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Finality of a

judgment is determined from both the language of the judgment and the record. *Id.* at 195. A judgment rendered after a conventional trial is presumed to be final and appealable. *See id.* at 198-99. However, no presumptions exist when, as here, a judgment is rendered without a conventional trial. *See id.* at 199-200. This is so even if the judgment contains a statement that "all relief not granted is denied." *See id.* at 203-04. A judgment rendered without a conventional trial is final and appealable if either (1) "it actually disposes of all claims and parties then before the court, regardless of its language," or (2) "it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 192-93.

The judgment here recites as follows:

> On this the 25th day of January, 2016, came to be heard Defendant GQ Enterprises Corporation's Traditional and No-Evidence Motion for Summary Judgment. After considering the pleadings, affidavit and arguments of counsel, the Court finds that the motion should be **GRANTED**, and also hereby **SUSTAINS** Defendants' objections to Plaintiff'[s] Summary Judgment Evidence.
>
> **IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that ALL Plaintiffs' causes of action are hereby **DISMISSED** with prejudice.
>
> All other and further relief is hereby denied.

Rajani asserts, in part, in response to GQ's motion to dismiss, that the judgment is final and appealable because it denies "all other and further relief." This language, however, is not dispositive. *See Lehmann*, 39 S.W.3d at 203-04. Rajani also notes the trial court "closed" the case and canceled a jury trial that was set for February 16, 2016, indicating the judgment was in fact final. A judgment issued on a summary judgment motion is final, however, only when "it actually disposes of all claims and parties then before the court" or "it states with unmistakable clarity that it is a final judgment as to all claims and all parties." *Id.* at 192-93. The judgment here does not dispose of GQ's counterclaims and does not state with "unmistakable clarity" that it is final as to all claims and parties. Accordingly, it is not final and appealable. *See id.*; *Braeswood Harbor Partners & Prop. Owners v. Harris Cty. Appraisal Dist.*, 69 S.W.3d 251,

252 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (concluding order granting summary judgment bearing title "Final Judgment" and stating "[a]ny and all other relief not granted herein is denied[,]" not final because it disposed of claims of only two of three plaintiffs). We grant GQ's motion and dismiss the appeal.[1]

/Carolyn Wright/

CAROLYN WRIGHT

160245F.P05

CHIEF JUSTICE

---

[1] GQ filed a notice of "conditional" cross-appeal stating it intended to appeal the trial court's order granting partial summary judgment if its motion to dismiss was denied. On the record before us, the notice of cross-appeal, filed five weeks after Rajani's notice of appeal and two months after the summary judgment order, appears untimely. *See* TEX. R. APP. P. 26.1. Our disposition of GQ's motion, however, renders the timeliness of the cross-appeal irrelevant.



## Court of Appeals
## Fifth District of Texas at Dallas
## **JUDGMENT**

WAYNE A. RAND, Appellant

No. 05-14-01577-CV        V.

DOROTHY DENNISE RAND, Appellee

On Appeal from the 255th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DF-1306590.
Opinion delivered by Justice Lang. Chief Justice Wright and Justice Brown participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** appellee Dorothy Dennise Rand recover her costs, if any, of this appeal from appellant Wayne A. Rand.

Judgment entered April 26, 2016.