Steve CHILDERS, Petitioner,

v.

ADVANCED FOUNDATION REPAIR,
L.P., Respondent.

No. 05–0831.

Supreme Court of Texas.

May 26, 2006.

Regina Bacon Criswell, Law Office of Regina Bacon Criswell, Helotes, for Petitioner.

Thomas G. Farrier, Murphy Mahon Keffler & Farrier, L.L.P., Fort Worth, James Dan Moorhead, Law Offices of James Dan Moorhead, Arlington, for Respondent.

PER CURIAM.

The issue in this arbitration dispute is whether the appeal below was interlocutory or from a final order. The court of appeals deemed it interlocutory and held that the court therefore lacked jurisdiction. —— S.W.3d ——, ——, No. 13–04–193–CV, 2005 WL 19815041, at *3 (Aug. 18, 2005). We disagree.

Steve Childers contracted with Advanced Foundation Repair to level and stabilize a damaged foundation. Childers later brought suit against AFR asserting negligence, breach of contract, breach of implied warranty of good and workmanlike services, and Deceptive Trade Practices Act claims. The contract contained an arbitration agreement that provided:

> In the event that Owner and Company cannot agree that the movement in the foundation has been controlled and settlement is within the tolerances specified above, it is specifically agreed by acceptance of this warranty that the matter shall be determined by binding arbitration . . . .

AFR moved to dismiss the case "in its entirety without prejudice due to the arbitration agreement on these matters." In its Final Judgment, the trial court granted the motion to dismiss without prejudice and stated:

> All other claims in this case by all parties to this case are hereby dismissed without prejudice, such claims to be decided in arbitration pursuant to the arbitration provisions in the contract between these parties.

> This judgment is final, disposes of all parties and all claims in this case, is appealable, and disposes of this case in its entirety.

■ The court of appeals erroneously determined Childers's appeal to be interlocutory. In *Lehmann v. Har–Con Corp.*, we held that a "judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final . . . ." 39 S.W.3d 191, 200 (Tex.2001). Such is the case here.

■ AFR requested that the trial court dismiss the case "in its entirety," and the trial court did exactly that.[1] The trial court's Final Judgment is unequivocal: "This judgment is final, disposes of all parties and all claims in this case, is appealable, and disposes of this case in the entirety." Because the trial court's order was all-encompassing and, as the record confirms, disposed finally and completely of all claims and parties, the court of appeals erred in deeming the appeal interlocutory and dismissing it for lack of jurisdiction.[2]

---

1. Commendably, AFR, which sought and won complete dismissal in the trial court, concedes "[i]n the interest of intellectual honesty" that the court of appeals had jurisdiction.

2. Given the basis of today's holding—that the trial court's order was not interlocutory but final and appealable—we need not reach two

We note that the federal approach is identical. *See Green Tree Fin. Corp.— Alabama v. Randolph*, 531 U.S. 79, 86–87, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) (holding that an appeal may be taken of an order that compels arbitration and dismisses all claims before the court).

Without hearing oral argument, we grant Childers's petition for review, reverse the court of appeals' judgment dismissing the case for lack of jurisdiction, and remand to the court of appeals to consider the merits of Childers's appeal. *See* TEX. R. APP. P. 59.1, 60.2(d).

attendant issues disputed by the parties: (1) whether Childers's claims fall within the scope of the arbitration agreement; and (2) whether the agreement is governed by the Federal Arbitration Act or the Texas Arbitration Act.