Donald B. SMALL, Appellant,

v.

SPECIALTY CONTRACTORS, INC., Billy Don Elliott, Leland T. Skinner, LDD, L.P., and ESS Management, LLC, Appellees.

No. 05–08–01701–CV.

Court of Appeals of Texas, Dallas.

April 21, 2010.

John T. Cox, Christopher J. Schwegmann, Lynn Tillotson & Pinker, L.L.P., Dallas, for Appellant.

Ralph C. Perry–Miller, Looper Reed & McGraw, P.C., Dallas, Robert J. Ffrench, Law Office of Robert J. Ffrench, P.C., Houston, for Appellees.

Before Justices RICHTER, LANG, and MURPHY.

## OPINION

Opinion By Justice MURPHY.

This is an appeal from an order compelling arbitration in a shareholder dispute. After compelling all pending disputes to arbitration, the trial court signed an order dismissing the litigation without prejudice. In his first issue, appellant Donald B. Small contends three of the appellees, Specialty Contractors, Inc., Billy Don Elliott, and Leland T. Skinner (collectively, "Specialty defendants") waived any right to arbitrate by substantially invoking the judicial process. In his second issue, Small argues his non-suit of appellees LDD, L.P. and ESS Management, LLC (collectively, "ESS defendants") prevents the Specialty defendants from relying on the arbitrability of Small's claims against the ESS defendants to compel arbitration of their claims. We affirm the trial court's order.

## BACKGROUND

Small, Elliott, and Skinner are the sole shareholders in Specialty, a closely-held Texas corporation. Each owns a minority share and was an officer of Specialty. Small was also an employee. LDD is a limited partnership in which ESS is the general partner and Small, Elliott, and Skinner are limited partners. Elliott and Skinner terminated Small's employment with Specialty on August 8, 2007 and sought to remove him as an officer. Two days later, on August 10, Small filed suit against the Specialty defendants claiming breach of fiduciary duty, minority shareholder oppression, and civil conspiracy, and seeking an accounting and a declaratory judgment of the rights and status of each shareholder and related partnerships. On September 4, 2007, Elliott and Skinner answered, raising affirmative defenses and special exceptions, seeking rule 13 sanctions, asserting a counterclaim for attorney's fees, and serving a request for disclosure. Small asserts in his appellate brief that Specialty also answered the same date, with a request for disclosure and counterclaim for attorney's fees. No filing is contained in the record, however.

Small also asserts that he served discovery immediately after the Specialty defendants answered the lawsuit, and that they responded on October 22, 2007. A month later, the parties attempted to settle through mediation, but the mediation was unsuccessful. According to Small, each of the Specialty defendants served a first set of interrogatories and request for production in January 2008, to which Small responded on February 25, 2008.

A week later, on March 4, 2008, Small amended his petition, adding a claim for

breach of contract and adding LDD and ESS as defendants. Small did not request issuance of citations for the ESS defendants and there is no record they were ever formally served.

On April 30, 2008, the Specialty defendants filed a traditional motion for summary judgment, claiming the shareholder agreement was dispositive of the rights and obligations between Specialty and Small. The motion also included no evidence points as to Small's original claims. The trial court denied the motion in its entirety by order dated June 11, 2008.

On July 18, 2008, the Specialty defendants filed a motion to compel arbitration and verified motion to abate, relying on the arbitration provision in their shareholders' agreement. Two months later, on September 19, 2008, Small filed his response, claiming the Specialty defendants had substantially invoked the judicial process and therefore had waived any right to compel arbitration. On September 22, 2008, the Specialty defendants filed a supplement to their motion based on the arbitration clause contained in the LDD limited partnership agreement. Prior to any hearing on the Specialty defendants' motion, the ESS defendants filed their own motion to compel arbitration and, subject thereto, original answer, counterclaim, and request for disclosure. The counterclaim was based on a request for costs and attorney's fees under the declaratory judgment act.

Small did not respond to the ESS defendants' motion; instead, on October 17, 2008, he filed a notice of partial non-suit without prejudice as to the ESS defendants. Three days later, on October 20, 2008, the trial court granted both motions to compel arbitration. Small filed a motion for reconsideration, asking in the alternative for a dismissal of the entire case to allow for appeal. By order dated Decem-

ber 9, 2008, the trial court granted the alternative request and signed an "Order Dismissing the Case Without Prejudice in Favor of Arbitration." This appeal followed.

## DISCUSSION

### *Jurisdiction*

■■■ We first address our jurisdiction to hear the appeal. The parties agree that had the trial court stayed the litigation pending arbitration, no interlocutory appeal would lie. *See* TEX. CIV. PRAC. & REM. CODE §§ 51.014(a) (Vernon 2008) (listing appealable interlocutory orders); 171.098 (Vernon 2005) (authorizing interlocutory appeal only from orders denying application to compel arbitration and orders granting application to stay arbitration). Courts may review an order compelling arbitration if the order also dismisses the entire case and is therefore a final, rather than interlocutory, order. *In re Gulf Exploration, LLC,* 289 S.W.3d 836, 840 (Tex. 2009) (orig.proceeding) (quoting *Perry Homes v. Cull,* 258 S.W.3d 580, 586 n. 13 (Tex.2008) (citing *Green Tree Fin. Corp.-Ala.,* 531 U.S. 79, 87 n. 2, 121 S.Ct. 513 (2000); *Childers v. Advanced Found. Repair, L.P.,* 193 S.W.3d 897, 898 (Tex.2006) (per curiam)), *cert. denied,* —— U.S. ——, 129 S.Ct. 952, 173 L.Ed.2d 116 (2009)). Appellees contest our ability to review the arbitration order in this case, however.

Appellees first argue that the Texas Supreme Court in *In re Gulf Exploration* disapproved dismissal of a case, rather than staying it pending the outcome of arbitration. *See In re Gulf Exploration,* 289 S.W.3d at 841 (because court order may be necessary to replace arbitrator, compel attendance of witnesses, direct arbitrators to proceed promptly, and to confirm, modify, or vacate arbitration award, "dismissal would usually be inappropri-

ate"). Yet appellees have not cross-appealed based on a claim the trial court erred in dismissing, rather than staying the case. *See* Tex.R.App. P. 25.1(c) (without filing notice of appeal, party may not obtain more favorable relief than obtained at trial court). Accordingly, appellees are precluded from raising this complaint on appeal.

Appellees also argue, citing *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), that because the trial court dismissed the case without prejudice, the order is not final and appealable. Citing *In re Gulf Exploration*, they claim that "a dismissal in favor of arbitration does not create a 'final' order that can be subject to appeal because it does not 'clearly and unequivocally state[ ] that it finally disposes of all claims and all parties.'" *In re Gulf Exploration*, 289 S.W.3d at 840 (quoting *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 205 (Tex.2001)).[1] This quoted language is part of the Texas Supreme Court's analysis approving the finality of the order in *Childers*, in which the trial court had dismissed the case "without prejudice" after compelling the parties to arbitration. *Id.* Even if the quoted language stood for the proposition urged by appellees, the order signed by the trial court below states unequivocally: "This judgment is final, disposes of all parties and all claims in this case, is appealable, and disposes of this case in its entirety." Whether the dismissal is with or without prejudice is irrelevant to the question of whether there are pending claims precluding finality. *See, e.g., Childers*, 193 S.W.3d at 898 (appellate court erroneously determined appeal to be interlocutory where case dismissed "without prejudice" in favor of arbitration); *Lehmann*, 39 S.W.3d at 205 (language "that the case is dismissed, shows finality if there are no other claims by other parties").

Appellees also misplace reliance on *Green Tree* for the proposition that a dismissal without prejudice is not a final appealable order. The United States Supreme Court stated in *Green Tree* that a decision that "'ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment'" is a "final decision." *Green Tree*, 531 U.S. at 86, 121 S.Ct. 513 (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 867, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994); *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (both quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945))). *Green Tree* involved an "embedded proceeding"—an action involving both a request to order arbitration and other claims for relief. *Id.* at 87, 121 S.Ct. 513. The United States Supreme Court declined to adopt a definition that would distinguish between "independent" proceedings—in which the sole issue before the court is a request to order arbitration—and "embedded proceedings." *Id.* at 88–89, 121 S.Ct. 513. Similarly, the Texas Supreme Court has not made such a

---

1. Appellees fail to recognize that *Lehmann* details many ways an order can be final and appealable, and the quoted language is one way to determine finality. Dismissal of all claims and all parties is another way to determine finality. *Lehmann*, 39 S.W.3d at 205. The Court's complete statement, including the portion on which appellees rely, explained: "we conclude that when there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id.* Elaborating, the Court noted that "[l]anguage that the plaintiff take nothing by his claims in the case, *or that the case is dismissed,* shows finality if there are no other claims by other parties." *Id.* (emphasis added).

distinction. *See In re Gulf Exploration,* 289 S.W.3d at 840 ("We too have adopted [the *Green Tree* rule]: 'Courts may review an order compelling arbitration if the order also dismisses the underlying litigation so it is final rather than interlocutory.'"); *see also Perry Homes,* 258 S.W.3d at 586 n. 13; *Childers,* 193 S.W.3d at 898.

By dismissing this case when "there [were] no other claims by other parties" that had not been compelled to arbitration, and stating unequivocally that the "judgment is final . . . and disposes of this case in its entirety," the trial court left nothing pending. The order therefore became final for purposes of appeal. *See Lehmann,* 39 S.W.3d at 205.

### Mootness

Appellees also contest our ability to review the arbitration order, claiming mootness. Citing *University of Texas Medical Branch v. Estate of Blackmon,* 195 S.W.3d 98 (Tex.2006) (per curiam) and *General Land Office v. OXY U.S.A. Inc.,* 789 S.W.2d 569 (Tex.1990), appellees assert that "[g]enerally a voluntary non-suit of all of a party's claims obviates all pending, interlocutory orders." They maintain that by filing a non-suit and asking the trial court to dismiss the lawsuit in its entirety, Small left no "live controversies between the parties" and "no reason to arbitrate."

Small non-suited only his claims against the ESS defendants. *See* Tex.R. Civ. P. 162. He did not dismiss the Specialty defendants or the ESS defendants' counterclaim for costs and attorney's fees. *See id.* ("dismissal pursuant to this rule shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief"); *BHP Petrol. Co. Inc. v. Millard,* 800 S.W.2d 838, 842 (Tex.1990) (orig.proceeding) (non-suit did not resolve counterclaim seeking independent relief).

Contrary to appellees' assertion, these controversies remained alive as the subject of the arbitration order and any related arbitration proceedings. We therefore reject appellees' assertion that the arbitration order was rendered moot as a result of Small's non-suit of his claims against the ESS defendants.

We also reject appellees' assertion that Small's alternative request that the trial court dismiss the entire case without prejudice left no "reason to arbitrate." Small's alternative request for dismissal, made a part of his motion for reconsideration of the arbitration order, was not an affirmative claim for relief or a non-suit as contemplated under rule 162. Rather, it was a procedural request for a final judgment so the arbitration order could be appealed. The trial court's order of dismissal without prejudice did not dismiss the claims ordered to arbitration; it simply functioned as a procedural mechanism allowing appeal of an otherwise interlocutory order. Accordingly, the issues raised on appeal are not moot.

### Waiver

Turning to the merits of the appeal, Small's first issue is whether the Specialty defendants substantially invoked the judicial process, and thereby waived the right to arbitrate Small's claims asserted against them. We begin our discussion of that issue with the settled legal standards relating to waiver of arbitration rights.

Waiver is a question of law that this Court reviews de novo. *Perry Homes,* 258 S.W.3d at 587, 598; *In re Bruce Terminix Co.,* 988 S.W.2d 702, 703–04 (Tex. 1998) (orig.proceeding) (per curiam). Arbitration rights are contractual, and the law includes a strong presumption against the waiver of those rights. *See Bruce Terminix,* 988 S.W.2d at 704; *Transwest-*

*ern Pipeline Co. v. Horizon Oil & Gas Co.,* 809 S.W.2d 589, 592 (Tex.App.-Dallas 1991, writ dism'd w.o.j.). When presented with questions of waiver, we are required to resolve any doubts in favor of arbitration. *In re Oakwood Mobile Homes,* 987 S.W.2d 571, 574 (Tex.1999) (orig.proceeding) (per curiam), *abrogated in part on other grounds by, In re Halliburton Co.,* 80 S.W.3d 566, 572 (Tex.2002) (orig.proceeding); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Although both state and federal law favor arbitration, arbitration rights, like any other contractual right, may be waived. *See Transwestern Pipeline,* 809 S.W.2d at 592. The standard for determining waiver is the same under federal and state law. *See Southwind Group, Inc. v. Landwehr,* 188 S.W.3d 730, 735 (Tex.App.-Eastland 2006, orig. proceeding). When parties have not expressly waived those rights, waiver may be implied from the party's conduct, so long as that conduct is unequivocal. *Perry Homes,* 258 S.W.3d at 593 (citing *Van Indep. Sch. Dist. v. McCarty,* 165 S.W.3d 351, 353 (Tex.2005); *First Valley Bank v. Martin,* 144 S.W.3d 466, 471 (Tex.2004); *Jernigan v. Langley,* 111 S.W.3d 153, 156 (Tex.2003); *Equitable Life Assurance Soc'y v. Ellis,* 105 Tex. 526, 152 S.W. 625, 628 (1913)). In "close cases, the 'strong presumption against waiver' should govern." *Id.* (quoting *In re D. Wilson Constr. Co.,* 196 S.W.3d 774, 783 (Tex.2006)).

■■■ As the party claiming waiver, Small had the heavy burden of establishing the Specialty defendants substantially invoked the judicial process. *See Bruce Terminix,* 988 S.W.2d at 704; *Valero Energy Corp. v. Teco Pipeline Co.,* 2 S.W.3d 576, 594 (Tex.App.-Houston [14th Dist.] 1999, no pet.). Additionally, and as recently reconfirmed by the Supreme Court of Texas, "waiver of arbitration requires a showing of prejudice." *Perry Homes,* 258 S.W.3d at 595. In determining whether Small met his burden, we must examine the case-specific facts and look to the totality of the circumstances. *Id.* at 591. Until the case of *Perry Homes,* the Supreme Court of Texas had addressed waiver in multiple cases, but had never found such a waiver.

■■■ Among the factors the Court in *Perry Homes* identified as insufficient standing alone to constitute waiver were filing suit; moving to dismiss for lack of standing; moving to set aside a default judgment and requesting a new trial; opposing a trial setting and seeking to remove to federal court; moving to strike an intervention and opposing discovery; sending multiple discovery requests; requesting initial discovery, noticing but not taking a deposition, and agreeing to a continuance; and seeking initial discovery, taking four depositions, and moving for dismissal based on standing. *Id.* at 590. The Court also emphasized what would constitute waiver: " 'allowing a party to conduct full discovery, file motions going to the merits, and seek arbitration only on the eve of trial.' " *Id.* (quoting *In re Vesta Ins. Group, Inc.,* 192 S.W.3d 759, 764 (Tex. 2006)). Here, the record does not fit squarely within the circumstances that clearly "would constitute waiver," and we therefore must review relevant factors in the context of the totality of the circumstances.[2]

*The Record*

To begin that analysis, we note there was no evidentiary hearing and no report-

---

**2.** Those factors include: when the movant knew of the arbitration clause; the extent of discovery, who initiated it, whether it related to the merits rather than arbitrability or standing, and how much of it would be useful in arbitration; and, whether the movant sought judgment on the merits. *See Perry Homes,* 258 S.W.3d at 591–92.

er's record of argument before the trial court. The Specialty defendants filed a verified motion to compel arbitration based on an arbitration clause in the Specialty shareholders' agreement. They also filed a supplement based on the arbitration clause in the LDD limited partnership agreement. Small filed only an unverified response to the original motion to compel. The trial court made no findings, but did state in its order compelling arbitration that, after "hearing arguments of counsel and reviewing all relevant matters in the file," the court was granting the motions to compel filed by all defendants. The only appellate record evidencing the trial court's file as it existed prior to issuance of the order compelling arbitration consists of the docket sheet; the pleadings of Small, Skinner, Elliott and the ESS defendants; the motion for summary judgment of the Specialty defendants and Small's response; the motions to compel arbitration and single response; and Small's notice of partial non-suit as to the ESS defendants.[3]

*Knowledge of Arbitration Clause and Delay*

Although the record is limited, the parties do not appear to contest the facts as to the status of the proceedings and knowledge of the arbitration clause. The Specialty defendants do not claim they were unaware of the arbitration clause; they in fact sought summary judgment claiming Small's claims were governed by the same agreement containing the arbitration provision. With regard to the factor of delay, the record shows a period of approximately nine months between the time the Specialty defendants answered the lawsuit and the time they sought to compel arbitration. The delay between the date of the amended petition adding breach of contract

claims against the Specialty defendants and joining the ESS defendants was just over four months. Far greater delays have been insufficient to constitute waiver of arbitration rights, and we must consider this delay in the context of other factors affecting the litigation process. *See, e.g., In re Vesta,* 192 S.W.3d at 763 (litigating for two years in trial court insufficient to overcome strong presumption against waiver).

*Discovery*

It does not appear from the record that the trial court examined the actual discovery propounded prior to ordering arbitration. No discovery was admitted into evidence, attached to Small's response, or produced as summary judgment evidence. Rather, Small argued in his unverified response that all parties had propounded a first set of written discovery and responded to discovery. The record does show, however, discovery had not been completed. Small argued in his response to the Specialty defendants' no evidence summary judgment motion that the parties had delayed the cost of document discovery and depositions to attempt settlement. When the mediation was unsuccessful in November 2007, the parties resumed negotiations in early 2008. When those efforts were unsuccessful, the parties discussed amending the discovery schedule to allow for exchange of documents, depositions, and designation of experts, as well as a possible second mediation. The supporting affidavit from Small's attorney requested the summary judgment motion be postponed until "Small [was] afforded a reasonable opportunity to complete the requested discovery." On the face of this record, Small cannot contend discovery was extensive.

---

**3.** In his motion for reconsideration, Small attached discovery, which is the part of the record. That discovery was not part of the trial court record at the time the trial court ruled on the motions to compel arbitration.

*Merits Activity*

Addressing next the merits activity in the case, the record shows the Specialty defendants delayed invoking their arbitration rights until they suffered defeat of their merits attack. After Small amended his petition to add new claims and parties, the Specialty defendants sought judgment on the merits of the case. Their summary judgment motion sought not only judgment that certain provisions of the shareholders' agreement governed the dispute, but also asserted no-evidence grounds. They moved to compel arbitration only after losing that motion. Additionally, although the trial court did not review the parties' discovery at the time it ruled on the motions to compel arbitration, the Specialty defendants do not contend any pretrial discovery was directed to arbitration, rather than the merits of the case.

*Other Factors*

To meet its burden of showing waiver, Small gives slight attention to the remaining factors we are to consider as part of the totality of circumstances. The record is silent as to actual time and expenses incurred in the litigation process, with the exception that Small argued in response to the summary judgment motion that he had incurred substantial fees and expenses responding to the summary judgment motion, participating in discovery, and preparing for trial, and that the parties had attempted to save expenses by early mediation and delaying exchange of depositions and documents. Similarly, Small made no attempt to establish the usefulness of discovery actually taken or the availability of discovery in arbitration. With regard to Small's assertion Specialty pleaded affirmative claims, the record does not contain a copy of its pleadings. Small does not claim, however, that Specialty sought greater relief than the counterclaim filed by Skinner and Elliott in which they sought only recovery of attorney's fees. With regard to claims for attorney's fees, Small argues on appeal that the trial court should, "as a ministerial act," have dismissed the ESS defendants' claims for attorney's fees "before they asserted any meaningful counterclaim seeking affirmative relief." With respect to Skinner and Elliott's special exceptions and request for sanctions due to Small's allegedly groundless petition, the record contains no reference to hearings requested, scheduled, or held, and Small does not contend otherwise.

The record also does not suggest an impending trial date. The only record we have of a trial date is the assertion in Small's response to the Specialty defendants' motion for summary judgment that trial was set for February 2, 2009. Accordingly, the motion to compel arbitration, filed July 18, 2008, was not on the eve of trial. Nor do we have evidence the February 2, 2009 trial date was realistic in light of Small's plea for additional discovery and his amended petition adding the ESS defendants as new parties. While he non-suited those parties in an attempt to avoid arbitration, the non-suit did not adjudicate the pending counterclaim for attorney's fees. Regardless of whether Small characterizes one set of attorney's fees as ministerial and another as a substantial claim, Small has failed to present any record showing when trial was likely to occur. Nor has he presented any record of whether the trial would have been to a jury or to the court.[4]

*Prejudice*

In addition to his burden of showing the Specialty defendants substantially invoked

---

4. The petition contains a jury demand, but the docket sheet does not show payment of a jury fee. Small also failed to offer any evidence showing a pretrial schedule or trial notice.

the judicial process, Small had the burden to show prejudice. "Prejudice" in the context of waiver of arbitration rights was defined by the Texas Supreme Court in *Perry Homes* as "the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Perry Homes*, 258 S.W.3d at 597 (quoting *Republic Ins. Co. v. PAICO Receivables, LLC*, 383 F.3d 341, 346 (5th Cir.2004)). The Court explained that in the context of waiver by litigation conduct, "the precise question is not so much when waiver occurs as when a party can no longer take it back." *Id.* at 595. The record from which the Court found prejudice in *Perry Homes* showed:

> that the [plaintiffs] objected to arbitration initially, and then insisted on it after the [d]efendants acquiesced in litigation. They got extensive discovery under one set of rules and then sought to arbitrate the case under another. They delayed disposition by switching to arbitration when trial was imminent and arbitration was not. They got the court to order discovery for them and then limited their opponents' rights to appellate review. Such manipulation of litigation for one party's advantage and another's detriment is precisely the kind of inherent unfairness that constitutes prejudice under federal and state law.

*Id.* at 597.

Here, Small neither verified nor offered any evidence in support of his opposition to arbitration. He claimed in his response and on appeal that he will suffer "substantial prejudice." The most detail he provides in that regard is that the Specialty defendants "forced [Small] to incur substantial legal fees by responding to [their] motion for summary judgment, and additional legal fees participating in discovery and preparing this case for trial." Small did not claim the discovery already exchanged could not be used in arbitration, nor did he argue he would be unable to take additional discovery in arbitration. He similarly did not suggest any unidentified preparation for trial could not be used in arbitration.

Applying the analysis from *Perry Homes,* the record before the trial court showed no original objection to arbitration by the Specialty defendants. There was one set of discovery, which Small argued was insufficient to allow him to respond properly to the summary judgment motion. *See In re Vesta,* 192 S.W.3d at 763 (waiver not shown where defendants each sent a document request, noticed for depositions, and sent standard requests for disclosure). The February 2009 trial date was not imminent at the time arbitration was first sought in July 2008, and Small does not argue arbitration cannot occur as quickly as trial. While Small argues he requested a jury trial in his petition, the trial court docket sheet does not show payment of a jury fee. We therefore have no record of whether the case would have proceeded to a jury trial in February 2009 with or without the ESS defendants. Regarding the final factor of obtaining a court order for discovery, which the Court in *Perry Homes* observed as contributing to the prejudice it found, the Specialty defendants here did not seek orders compelling discovery from Small, nor did they seek to have any special exceptions heard.

Of the factors we are charged with considering to determine waiver, the Specialty defendants' delay in seeking arbitration until they were unsuccessful in obtaining summary judgment on the merits is the most troubling. We must balance that factor, however, in reviewing the totality of circumstances. Those circumstances include the litigation status in which Small

claimed the parties had delayed discovery and expenses to pursue mediation. Arbitration was not sought on the eve of trial, but followed, in addition to the summary judgment ruling, Small's amendment adding claims and parties. Small has not contested the order compelling arbitration as to the ESS defendants. Additionally, it is Small who amended his petition adding breach of contract claims and the ESS defendants, while never requesting issuance of citation. Then he non-suited the ESS defendants in an attempt to avoid arbitration, leaving the question of whether those claims will be brought in arbitration or disbanded.

Considering the totality of the circumstances in this case, we conclude Small has not met his heavy burdens of establishing the Specialty defendants substantially invoked the judicial process and that he has been prejudiced as a result. Although he argues he has been forced to incur substantial legal fees, the record is void of evidence relating to those fees. The record is also silent as to whether any of the work exceeds what would be allowed in arbitration. With regard to whether Small has shown "such manipulation [by the Specialty defendants] of litigation" for their advantage and to Small's detriment as to constitute "inherent unfairness that constitutes prejudice," the limited record we have shows all parties have manipulated the litigation process. *See Perry Homes,* 258 S.W.3d at 597.

## CONCLUSION

We overrule Small's first issue. As a result, we do not reach the question of whether the Specialty defendants may rely on the arbitrability of Small's non-suited claims against the ESS defendants to compel arbitration of Small's claims against them. TEX.R.APP. P. 47.4. We affirm the trial court's order compelling all pending claims to arbitration.