NUMBER 13-10-00504-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI - EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



CIRCLE ZEBRA FABRICATORS, LTD., BY

AND THROUGH ITS GENERAL PARTNER

CIRCLE ZEBRA FABRICATORS MANAGEMENT,

L.L.C.,                                                                                           
Appellant,

 

v.

 

AMERICAS WELDING CORP., RAUL CASTILLO,

SR., JORGE MANUEL GARCIA, AND

KEPPEL AMFELS, INC.,                                                             Appellees.

 

 



On Appeal from the County Court at Law No. 1

of Nueces County, Texas.

 

 





NUMBER 13-10-00591-CV

 

IN
RE CIRCLE ZEBRA FABRICATORS, LTD.,

BY
AND THROUGH ITS GENERAL PARTNER CIRCLE ZEBRA FABRICATORS MANAGEMENT, L.L.C.

 



 



On Petition for Writ of Mandamus

 



 

Before Justices Garza, Benavides and
Vela

Memorandum Opinion by Justice Garza

 

Circle Zebra Fabricators, Ltd., by
and through its general partner Circle Zebra Fabricators Management, L.L.C.
(“Circle Zebra”), seeks to set aside an order compelling arbitration by appeal
in appellate cause number 13-10-00504-CV and by petition for writ of mandamus
in appellate cause number 13-10-00591-CV.  We dismiss the appeal and deny the
petition for writ of mandamus.

I.  Background

Circle Zebra executed a Master
Service Agreement (the “agreement”) with Keppel Amfels, Inc. (“Keppel Amfels”)
through which Circle Zebra agreed to provide certified welders to Keppel Amfels
for work at Keppel Amfels’s shipyard in Brownsville, Texas.  In order to meet
its obligations under the agreement, Circle Zebra purchased equipment, obtained
marine insurance, and employed approximately 100 welders.  According to Circle Zebra’s
first amended original petition, it invested more than $1,000,000 to perform
the agreement.  At this time, Raul Castillo Sr. served as Circle Zebra’s “chief
foreman manager” and ran Circle Zebra’s business operations in South Texas. 
Circle Zebra also employed LR Global, L.L.C.,[1]
which served as a business consultant regarding these relationships.  

Circle Zebra’s employees began
working for Keppel Amfels.  At Keppel Amfels’s request, Circle Zebra met with
Jorge Manuel Garcia and representatives of Americas Welding Corporation
(“Americas Welding”).  According to Circle Zebra’s first amended petition, the
“purpose of the meeting . . . was to enhance the labor force available to . . .
Keppel Amfels by utilizing Mexican Nationals.”  Circle Zebra refused to hire
Americas Welding’s personnel.  According to Circle Zebra, Castillo, Garcia, and
Americas Welding then entered into a conspiracy to convert Circle Zebra’s
equipment and personnel to their use, and this conspiracy was joined by Keppel
Amfels, who “allowed this . . . conduct to occur motivated solely by
retaliation for [Circle Zebra’s] refusal to hire said Mexican Nationals.” 
Circle Zebra filed suit against Americas Welding, Castillo, Garcia, Keppel
Amfels, and LR Global, L.L.C. for causes of action including, inter alia,
tortious interference, fraud, breach of contract, conversion, and breach of
fiduciary duty.  

The agreement between Circle Zebra
and Keppel Amfels contained an arbitration clause:

ALL CLAIMS, DISPUTES[,]
OR CONTROVERSIES ARISING OUT OF, OR IN RELATION TO THE INTERPRETATION,
APPLICATION[,] OR ENFORCEMENT OF THIS AGREEMENT, SHALL BE DECIDED BY
ARBITRATION UTILIZING A SINGLE ARBITRATOR IN ACCORDANCE WITH THE CONSTRUCTION
INDUSTRY RULES OF THE AMERICAN ARBITRATION ASSOCIATION.  THE ARBITRATOR SHALL
BE EXPERIENCED IN THE OFFSHORE INDUSTRY AND SHALL NOT BE A PRACTICING
ATTORNEY.  THE ARBITRATION SHALL BE HELD IN HOUSTON, TEXAS.  THE DECISION OF
THE ARBITRATOR SHALL BE FINAL[,] BINDING[,] AND ENFORCEABLE IN ANY COURT OF
COMPETENT JURISDICTION AND THE PARTIES AGREE THAT THERE SHALL BE NO APPEAL FROM
THE ARBITRATOR’S DECISION.

 

Based on this
provision, Keppel Amfels filed a motion to compel arbitration and an amended
motion to compel arbitration.  The non-signatories to the agreement, Americas
Welding, Castillo, and Garcia, also filed a joint motion to compel arbitration
based on this language in the agreement.  

Following an evidentiary hearing,
the trial court granted Keppel Amfels’s motion by written order rendered on
June 11, 2009, and granted the non-signatories’ motion to compel arbitration by
order rendered on August 7, 2010.  Each of these orders stayed the trial court
proceedings pending results of the arbitration.  This appeal and original
proceeding ensued.  The matter has been fully briefed on appeal, and the Court
requested and received a response to the petition for writ of mandamus.  

Circle Zebra attacks the trial
court’s orders on multiple grounds.  Its arguments include, but are not limited
to, contentions that:  its claims should not be arbitrated because they are not
based on the agreement with Keppel Amfels; the agreement was unconscionable
insofar as it, for example, purports to eliminate the right to appeal the results
of the arbitration; and its claims against the non-signatories to the agreement
should not be arbitrated because there is no agreement to arbitrate with them
and the agreement itself provides that it shall not “be construed to confer any
benefit on any third party . . . nor shall it provide any rights to such third
party to enforce its provisions.”  

II.  Appeal

Appellee, Keppel Amfels, has filed
a motion to dismiss the appeal in cause number 13-10-00504-CV on grounds that
the orders compelling arbitration are interlocutory orders which are not
subject to appeal.  A party may not appeal an interlocutory order unless
authorized by statute.  Bally Total Fitness Corp. v. Jackson, 53 S.W.3d
352, 355, 359 (Tex. 2001).  We construe statutes granting interlocutory appeals
strictly because they are a narrow exception to the general rule that
interlocutory orders are not immediately appealable.  Tex. A&M Univ.
Sys. v. Koseoglu, 233 S.W.3d 835, 841 (Tex. 2007).

An order compelling arbitration and
staying proceedings in district court is not subject to interlocutory appeal
under either the federal or state arbitration schemes.  See Chambers v. O’Quinn,
242 S.W.3d 30, 31-32 (Tex. 2007) (per curiam) (explaining that neither the Federal
Arbitration Act nor the Texas Arbitration Act allow interlocutory appeals from
orders compelling arbitration); Abdel Hakim Labidi v. Sydow, 287 S.W.3d
922, 926 (Tex. App.–Houston [14th Dist.] 2009, no pet.) (combined appeal &
orig. proceeding); see also 9 U.S.C. § 16(a) (specifying which orders
under the Federal Arbitration Act are subject to appeal); Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a) (Vernon 2008) (omitting orders compelling arbitration from delineated
categories of appealable interlocutory orders); Tex. Civ. Prac. & Rem. Code Ann. § 51.016 (Vernon Supp.
2010) (providing that a party may appeal from a “judgment or interlocutory
order . . . under the same circumstances that an appeal from a federal district
court’s order or decision would be permitted by” the Federal Arbitration Act); Tex. Civ. Prac. & Rem. Code Ann. §
171.098(a)(1), (2)  (Vernon 2008) (specifying which orders under the Texas
Arbitration Act are subject to appeal).  Instead, orders compelling arbitration
and staying litigation are subject to appeal after the rendition of final
judgment.  See Perry Homes v. Cull, 258 S.W.3d 580, 587 (Tex. 2008); Chambers,
242 S.W.3d at 32.  Accordingly, we grant the motion to dismiss filed by Keppel
Amfels and we dismiss the appeal in cause number 13-10-00504-CV for want of
jurisdiction.  

III.  Mandamus

Mandamus is an “extraordinary” remedy.  In re Sw. Bell Tel. Co., L.P., 235 S.W.3d 619, 623 (Tex. 2007)
(orig. proceeding); see In re Team Rocket, L.P., 256 S.W.3d 257, 259
(Tex. 2008) (orig. proceeding).  To obtain mandamus relief, the relator must
show that the trial court clearly abused its discretion and that the relator
has no adequate remedy by appeal.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); see In re McAllen Med.
Ctr., Inc., 275 S.W.3d 458, 462 (Tex. 2008) (orig. proceeding).  A trial
court abuses its discretion if it reaches a decision so arbitrary and
unreasonable as to constitute a clear and prejudicial error of law, or if it
clearly fails to correctly analyze or apply the law.  In re Cerberus Capital
Mgmt., L.P., 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per
curiam); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig.
proceeding).  To satisfy the clear abuse of discretion standard, the relator
must show that the trial court could “reasonably have reached only one
decision.”  Liberty Nat’l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 630
(Tex. 1996) (quoting Walker, 827 S.W.2d at 840).  

Historically, mandamus was treated
as an extraordinary writ that would issue “only in situations involving
manifest and urgent necessity and not for grievances that may be addressed by
other remedies.”  Walker, 827 S.W.2d at 840.  Now, in some as yet not
completely defined set of cases, whether a clear abuse of discretion can be
adequately remedied by appeal depends on a careful analysis of the costs and
benefits of interlocutory review.  See In re McAllen Med. Ctr., Inc.,
275 S.W.3d at 462.  Sometimes, “[a]n appellate remedy is ‘adequate’ when any
benefits to mandamus review are outweighed by the detriments.”  In re
Prudential Ins. Co. of Am., 148 S.W.3d at 136.  According to the Texas
Supreme Court: 

Mandamus review of
significant rulings in exceptional cases may be essential to preserve important
substantive and procedural rights from impairment or loss, allow the appellate
courts to give needed and helpful direction to the law that would otherwise
prove elusive in appeals from final judgments, and spare private parties and
the public the time and money utterly wasted enduring eventual reversal of
improperly conducted proceedings. 

 

Id. at 136. 


Under previous law, mandamus was
available to review orders either compelling or denying arbitration under the
Federal Arbitration Act.  See Freis v. Canales, 877 S.W.2d 283, 284
(Tex. 1994).  However, in 2006, in order to ensure consistency between federal
and state procedures, the Texas Supreme Court held that mandamus was generally
not available to review orders compelling arbitration so that federal and state
procedure would be consistent.  See In re Palacios, 221 S.W.3d 564, 565
(Tex. 2006) (orig. proceeding).  In Palacios, the Texas Supreme Court
noted that mandamus relief might be available, but only if the party seeking
relief from an order staying a case for arbitration meets the “particularly
heavy” burden to show “clearly and indisputably that the district court did not
have the discretion to stay the proceedings pending arbitration.”  Id. (quoting
Apache Bohai Corp. v. Texaco China, B.V., 330 F.3d 307, 310-11 (5th Cir.
2003)).  The Texas Supreme Court recently reaffirmed this proposition and
clarified that “this ‘exception’ applies not to the question whether an order
compelling arbitration was correct, but to the question whether the case should
have been dismissed rather than stayed.”  In re Gulf Exploration, LLC,
289 S.W.3d 836, 841 (Tex. 2009) (orig. proceeding); see Small v. Specialty
Contrs., Inc., 310 S.W.3d 639, 642 (Tex. App.–Dallas 2010, no pet.)
(“Courts may review an order compelling arbitration if the order also dismisses
the entire case and is therefore a final, rather than interlocutory, order.”). 


Moreover, even if a case falls
within the foregoing parameters for mandamus review, mandamus is nonetheless
“generally unavailable” because petitioners can “rarely” show that they lack an
adequate remedy by appeal.  See In re Gulf Exploration, LLC, 289 S.W.3d at
842.  Generally, the adequacy of an appellate remedy “depends on a careful
balance of the case-specific benefits and detriments of delaying or
interrupting a particular proceeding”; however, because both the federal and
state arbitration acts specifically exclude immediate review of orders
compelling arbitration, “any balancing must tilt strongly against mandamus
review.”  Id.   Nevertheless, the supreme court held that mandamus
review may be appropriate “in those rare cases when legislative mandates
conflict.”  According to the supreme court, “such conflicts are few, so the
balance will generally tilt toward reviewing orders compelling arbitration only
on final appeal.”  Id.  In such cases, “mandamus may be essential to
preserve important substantive and procedural rights from impairment or loss
[and] allow the appellate courts to give needed and helpful direction to the
law that would otherwise prove elusive in appeals from final judgments.”  Id.
at 843 (quoting In re Prudential Ins. Co., 148 S.W.3d at 136).  The
court further noted that delay and expense, standing alone, generally do not
render appeal after a final judgment to be an inadequate remedy, and this is
particularly true in arbitration cases “because arbitration clauses are usually
contractual and cover contractual claims,” and a “party that prevails on a
contractual claim can recover its fees and expenses, even if they were incurred
in collateral proceedings like arbitration.”  Id.  (citations omitted).

In the instant case, Circle Zebra’s
petition for writ of mandamus does not address the adequacy of its remedy by
appeal.  Following oral argument in this cause, Circle Zebra filed an opposed
motion to supplement or amend its petition to address this issue.  According to
Circle Zebra’s motion and attached “First Supplement to its Petition for Writ
of Mandamus,” mandamus is appropriate and an appeal following arbitration is
inadequate because Circle Zebra has been “put out of business,” and its cause
of action does “not arise from or rely on the contract containing the
arbitration clause.” Circle Zebra further contends that the Master Service
Agreement expressly states that it does not confer benefits on third parties
and it does not provide rights to third parties to enforce its provisions, and
accordingly, the non-signatory defendants should not be able to enforce the
arbitration clause in that agreement.  Finally, Circle Zebra contends that:

[W]here there is no
signed agreement with the non-signatory defendants, and Circle Zebra has been
put out of business, Circle Zebra does not have an adequate remedy at law and
the order compelling arbitration is reviewable by this court.  

 

Further, the effect of
ordering a company that has been put out of business to arbitration, where
there is no arbitration agreement and[] the agreement relied on says it cannot
be enforced by third parties, is essentially a final order that equitably
should be the subject of an appeal.

 

Each of these
issues was extant and could have been addressed in Circle Zebra’s petition for
writ of mandamus before the real parties in interest filed their responses to
the petition for writ of mandamus and before this matter was submitted to the
Court at oral argument.  Therefore, we deny Circle Zebra’s motion to supplement
or amend its petition for writ of mandamus to discourage the practice of
waiting until after oral argument to raise and address an issue which must be
established as a necessary part of the petition for writ of mandamus.  See
Walker, 827 S.W.2d at 840-42 (stating that the relator bears the burden to
show that remedies other than mandamus are inadequate); In re Christus
Health, 276 S.W.3d 708, 710 (Tex. App.–Houston [1st Dist.] 2008, orig.
proceeding) (same); In re William Roberts, 18 S.W.3d 736, 738 (Tex.
App.–San Antonio 2000, orig. proceeding) (same).  Yet, even if we had granted
leave for Circle Zebra to supplement or amend its petition, we would not have
found that Circle Zebra met its burden to prove that its appellate remedy was
inadequate as a matter of law.

Because both the federal and state
arbitration acts specifically exclude immediate review of orders compelling
arbitration, our analysis regarding the adequacy of Circle Zebra’s remedy by
appeal “tilts strongly against mandamus review.”  See In re Gulf
Exploration, LLC, 289 S.W.3d at 842.  The matter does not involve
conflicting legislative mandates.  See id. at 843.  Delay and expense,
standing alone, generally do not render appeal after a final judgment to be an
inadequate remedy, and this is particularly true in the instant case because it
is, at least in part, based on a contractual dispute, and a “party that
prevails on a contractual claim can recover its fees and expenses, even if they
were incurred in collateral proceedings like arbitration.”  See id.  In
sum, Circle Zebra has not carried its burden to show that it lacks an adequate
remedy by appeal.  Compare id. and Abdel Hakim Labidi, 287 S.W.3d at 926
(concluding that there was an adequate remedy by appeal for an order compelling
arbitration where clients sued their lawyers for breach of contract and breach
of fiduciary duty) with In re Sthran, 327 S.W.3d 839, 846 (Tex.
App.–Dallas 2010, orig. proceeding) (concluding that relator lacked an adequate
remedy by appeal where “legislative mandates might be construed to conflict”
and it was “not clear that any fees and expenses incurred as a result of
arbitration [would] be recoverable” in a tort action), and In re Villanueva,
311 S.W.3d 475, 483-84 (Tex. App.–El Paso 2009, orig. proceeding) (concluding
that relator lacked an adequate remedy by appeal where relator would not be
able to recover fees and expenses in tort action and, more compellingly,
because the case involved “conflicting rulings” which were “significant rulings
in exceptional cases”).  Accordingly, we deny the petition for writ of
mandamus.

IV. 
Conclusion

The Court, having examined and
fully considered the matters in these causes, is of the opinion that it lacks
jurisdiction over the appeal in appellate cause number 13-10-00504-CV and that
the petition for writ of mandamus in appellate cause number 13-10-00591-CV
should be denied.  In so holding, we note that the writ of mandamus is a
discretionary writ, and its denial, without comment on the merits, does not
deprive an appellate court from considering the matter in a subsequent appeal. 
Chambers, 242 S.W.3d at 32; see In re AIU Ins. Co., 148 S.W.3d
109, 119 (Tex. 2004) (stating that the “failure to grant a petition for writ of
mandamus is not an adjudication of, nor even a comment on, the merits of a case
in any respect, including whether mandamus relief was available”).   Similarly,
although the language in the arbitration agreement provides that “[t]he decision
of the arbitrator shall be final[,] binding[,] and enforceable in any court of
competent jurisdiction and the parties agree that there shall be no appeal from
the arbitrator’s decision,” this language indicates that a party may not appeal
the merits of the arbitration; not that the parties agreed to waive the right
to appeal the trial court’s decision to compel arbitration, or that the parties
waived the right to appeal the district court’s judgment confirming or vacating
the arbitration decision.  See In re Gulf Exploration, LLC, 289 S.W.3d
at 842 (“If a trial court compels arbitration when the parties have not agreed
to it, that error can unquestionably be reviewed by final appeal.”).  As acknowledged
by Keppel Amfels in its response to the petition for writ of mandamus, the “no
appeal” language does not affect Circle Zebra’s ability to vacate or modify an
arbitration award on grounds listed in the Texas Arbitration Act or the Federal
Arbitration Act.  See 9 U.S.C. §§ 10, 11; Tex. Civ. Prac. & Rem. Code Ann. §§ 171.088, 171.091
(Vernon 2005); Silicon Power Corp. v. GE Zenith Controls, Inc., 661 F.
Supp. 2d 524, 538 (E.D. Pa. 2009); see also Rollins, Inc. v. Black,
167 Fed. Appx. 798, 2006 WL 355852, at *1 n.1 (11th Cir. 2006) (per curiam, not
designated for publication) (“A ‘binding, final, and non-appealable’ arbitral
award . . . simply means the parties have agreed to relinquish their right to
appeal the merits of their dispute; it does not mean the parties relinquish
their right to appeal an award resulting from an arbitrator’s abuse of
authority, bias, or manifest disregard of the law.”); Barsness v. Scott,
126 S.W.3d 232, 238 (Tex. App.–San Antonio 2003, pet. denied) (holding that a
“no appeal” provision in an arbitration agreement did not preclude review of a
judgment on fraud, misconduct or gross mistake, or those grounds for vacatur or
modification listed in the Texas Arbitration Act).  Accordingly, we dismiss the
appeal and deny the petition for writ of mandamus.

                                                                                    

                                                                                    DORI
CONTRERAS GARZA

                                                                                    JUSTICE

 

Delivered and filed the

17th day of March, 2011.

 









[1]
LR Global, L.L.C. is not a party to this appeal or original proceeding.