# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-25-00292-CV

---

**Amy Litka and the Estate of Timothy Litka, Appellants**

**v.**

**Stephen Byrkit and Nicole Byrkit, Appellees**

---

### FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY
### NO. 23CCV00395, THE HONORABLE PAUL A. MOTZ, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Amy Litka and the Estate of Timothy Litka (collectively, Litka) appeal from the trial court's final judgment dismissing their lawsuit against Stephen and Nicole Byrkit and granting an anti-suit injunction. We will reverse the judgment and remand for further proceedings.

## BACKGROUND

In late 2021, the Byrkits leased residential property from Litka in Belton. The lease term was to terminate on June 30, 2023. When the Byrkits fell behind on rent in early 2022, Litka initiated eviction proceedings in the justice court (the Eviction Case). While that case was pending, the parties executed an "Addendum to Lease," under which the Byrkits had an option to pay $20,000 before May 15, 2022, to postpone the eviction until June 1, 2022 (the Option Contract). Relevantly, the Option Contract provided,

Landlord and Tenants agree to the early termination of the lease agreement – The new and <u>agreed upon expiration date is the 30th of May 2022 only if the following terms and conditions are met</u>:

. . .

2. Tenants agree to pay the Landlord $20,000 on or before the 15th day of May 2022. If payment is not received, the Landlord will move forward with eviction proceedings on or about 16 May 2022. If payment is received, Landlord agrees to move the eviction court date to on or about 1 June 2022. Payment may be made through the same manner as rent payments or to Landlord's attorney.

3. Tenants agree to remove the Great Pyrenees currently residing in the home effective immediately, as it is a violation of the lease.

4. Tenants agree to confirm the discontinuance of the unauthorized childcare business, as required previously, and a violation of the lease.

. . .

8. To be clear, if any of the above conditions are not met, the Landlord will proceed with civil eviction process.

The option deadline passed without the Byrkits making the payment, and Litka pursued eviction. After the justice court dismissed the Eviction Case due to Litka's failure to appear, Litka filed a de novo appeal to the county court, which rendered judgment in Litka's favor in June 2022. The judgment ordered the Byrkits to pay June rent and to vacate the property by June 30, 2022, and awarded costs to Litka. The Byrkits vacated the property in accordance with the judgment.

Meanwhile, on May 25, 2022, Litka sued the Byrkits in the same county court, alleging breach of contract and statutory fraud based on the Option Contract (the First Contract Case). Litka argued that the Byrkits had breached the Option Contract by failing to (a) pay the $20,000, (b) remove the dog, and (c) cease the "illicit business" being run out of the premises. The Byrkits filed a Rule 91a motion to dismiss, arguing that the Option Contract was not binding because it was an unexercised and unenforceable option agreement and that the facts that Litka alleged bar recovery as a matter of law. Litka amended her petition, adding new claims for promissory estoppel and unjust enrichment. On September 20, 2022, the trial court granted the Rule 91a motion and dismissed Litka's claims. At the hearing on the motion, the following exchange occurred:

> The Court: So I am going to dismiss the [breach of contract] cause of action. I don't see it. I'm going to do it without prejudice, if you think you have got some kind of cause of action that you can plead otherwise. But I'm saying what you have pled here is not sufficient to hold them for breach of contract.
>
> Litka's Attorney: So this is just specifically in order for us to amend and not have that claim in there or with the additional facts you would like alleged?
>
> The Court: I don't want anything alleged. I don't like anything to be alleged. All I'm saying is what is alleged---
>
> Litka's Attorney: Yes, Judge.
>
> The Court: ---is not---I think they did their either/or. That's the way I look at it.
>
> And so I am going to dismiss it, but I'm not going to do it with prejudice. If there is something you can find someplace else to

3

> file, file it. But I'm going to say right now that the Defendants'
> Motion to Dismiss pursuant to TRCP 91a is granted.
>
> I am going to award attorney's fees of [$]1,300.

The trial court signed an order, which was prepared by the Byrkits' counsel, dismissing Litka's claims. In signing the order, the trial court crossed out the phrase "with prejudice" in the following sentences (and initialed its interlineations):

> It is, therefore,
>
> ORDERED that Plaintiffs['] . . . cause of action for breach of contract is DISMISSED ~~with prejudice~~.
>
> IT IS FURTHER ORDERED that Plaintiffs' cause of action for statutory fraud is DISMISSED ~~with prejudice~~.

The trial court's order did not specify the basis on which it was granting the Rule 91a motion. After awarding the Byrkits attorneys' fees as the "prevailing parties" and awarding them contingent appellate attorneys' fees, the order concluded,

> This Order disposes of all claims against all parties in the above-styled and numbered cause, any relief not granted herein is denied. This Order is final and appealable.

No appeal was taken from the final judgment.

On April 23, 2023, Litka filed another lawsuit in the same county court, again asserting claims for breach of the Option Contract, statutory fraud, unjust enrichment, and promissory estoppel, with the addition of claims for conspiracy and common-law fraud (the

Second Contract Case). The Byrkits filed a Plea of Res Judicata and requested an anti-suit injunction. On June 13, 2023, the trial court sustained the plea, granted the anti-suit injunction, dismissed Litka's claims with prejudice, and ordered that Litka "and those acting in privity" with her are "permanently enjoined from filing suit on the same grounds as those in this cause." Litka perfected this appeal.

**DISCUSSION**

Litka contends that the trial court erred by sustaining the Byrkits' plea of res judicata and granting the anti-suit injunction. She first argues that because the First Contract Case was dismissed without prejudice, it was not a final adjudication on the merits, and thus the first element of res judicata was not met as a matter of law. *See Eagle Oil & Gas Co. v. Shale Expl., LLC*, 549 S.W.3d 256, 267 (Tex. App.—Houston [1st Dist.] 2018, pet. dism'd) (noting that when material facts are not disputed, applicability of res judicata presents question of law, which appellate court reviews de novo); *see also Barr v. Resolution Tr. Corp.*, 837 S.W.2d 627, 628 (Tex. 1992) (noting that res judicata, also known as claim preclusion, "prevents the relitigation of a claim or cause of action that has been finally adjudicated, as well as related matters that, with the use of diligence, should have been litigated in the prior suit"). To establish res judicata—an affirmative defense—a party must show (1) a prior final judgment on the merits by a court of competent jurisdiction, (2) the same parties or those in privity with them, and (3) a subsequent action based on the same claims that were raised or could have been raised in the first action. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996); Tex. R. Civ. P. 94 (listing res judicata as affirmative defense).

We agree with Litka on this point. It is well established that dismissal *with prejudice* constitutes a final adjudication on the merits, as if the case had been fully tried and decided. *See Bellingham Enters., LLC v. Colby Constructors, LLC*, No. 03-22-00233-CV, 2023 WL 2414983, at *6 (Tex. App.—Austin Mar. 9, 2023, no pet.) (mem. op.); *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (citing *Mossler v. Shields*, 818 S.W.2d 752, 754 (Tex. 1991)). In contrast, a dismissal *without prejudice* means that the dismissal is granted without adjudicating the merit of the claims. *See CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 461 S.W.3d 627, 630 (Tex. App.—Fort Worth 2015, pet. denied); *see also Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 775–76 (N.D. Tex. 2008) (holding that dismissal without prejudice under equivalent Federal Rule of Civil Procedure 12(b)(6) was not adjudication on merits for res judicata purposes). Indeed, when appropriate, appellate courts routinely modify dismissal orders to reflect that they are without prejudice to refiling. *See, e.g.*, *Ellis ex rel. H.D.E. v. Prince*, No. 02-25-00162-CV, 2025 WL 2370582, at *4 (Tex. App.—Fort Worth Aug. 14, 2025, pet. filed) (mem. op.); *Bellingham Enters., LLC*, 2023 WL 2414983, at *6. Furthermore, when an order does not state that the case is dismissed with prejudice, it is presumed that the dismissal is without prejudice. *In re Hughes*, 770 S.W.2d 635, 637 (Tex. App.—Houston [1st Dist.] 1989, no writ).

Here, not only are we guided by this presumption, but we have further clues that the trial court in the First Contract Case intended the dismissal to be without prejudice: (1) first, the trial court crossed out the phrase "with prejudice" in the order that had been prepared by the Byrkits' counsel; and (2) second, the transcript of the hearing on the Byrkits' motion to dismiss expressly reflects that the trial court was rendering the dismissal without prejudice due to potential legal claims or facts with which Litka could potentially cure the existing pleading

6

defect. A Rule 91a dismissal "is appropriate in two circumstances: (1) the plaintiff's petition alleges too few facts to demonstrate a viable, legally cognizable right to relief; or (2) the petition alleges additional facts that, if true, bar recovery." *Crockett v. Salinas*, No. 03-24-00484-CV, 2025 WL 2470213, at \*2 (Tex. App.—Austin Aug. 28, 2025, pet. denied) (mem. op.). "In short, the plaintiff must plead sufficient facts to supply a legal basis for his claim but not so much that he affirmatively negates his right to relief." *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

Given that the trial court expressly considered whether to grant the Rule 91a motion with or without prejudice—and ultimately granted it without prejudice, after stating on the record that Litka might be able to "find" "something" else to file—we presume that the trial court ruled so to provide Litka another opportunity to cure what arguably was a remediable pleading defect. *Cf. City of Houston v. State Farm Mut. Auto. Ins.*, 712 S.W.3d 707, 716 (Tex. App.—Houston [14th Dist.] 2025, no pet.) (holding that trial court erred in denying Rule 91a motion and rendering dismissal with prejudice, as plaintiff had already had full and fair opportunity to amend petition). And the Byrkits did not appeal from the Rule 91a dismissal judgment to contend that it should have been rendered with prejudice, and thus the dismissal order stands as rendered: without prejudice to refiling and not an adjudication on the merits.

The Byrkits counter that the judgment in the First Contract Case was on the merits because it was a *final* judgment, but even final judgments may be without prejudice, and the fact that a judgment is final for purposes of appeal is irrelevant to whether it is an adjudication on the merits. *See Small v. Specialty Contractors, Inc.*, 310 S.W.3d 639, 643 (Tex. App.—Dallas 2010, no pet.) ("Whether the dismissal is with or without prejudice is irrelevant to the question of whether there are pending claims precluding finality."); *see also Childers v. Advanced Found.*

7

*Repair, L.P.*, 193 S.W.3d 897, 898 (Tex. 2006) (per curiam) (holding that judgment dismissing all claims "without prejudice" due to governing arbitration agreement but also stating that it was "final," "disposes of all parties and all claims," and was "appealable" was not interlocutory but indeed final, appealable judgment). The Byrkits additionally counter that because the trial court awarded them attorney's fees as the "prevailing party" on their Rule 91a motion, *see* Tex. R. Civ. P. 91a(7), the ruling was necessarily "on the merits." But as already noted, Rule 91a permits trial courts to grant the moving party's motion, dismissing a cause of action without prejudice because, for instance, the defect is potentially curable. *See City of Houston*, 712 S.W.3d at 716. That the plaintiff might later refile a lawsuit based on the same underlying facts in an attempt to cure the defect does not alter the fact that the movant has "prevailed" on its motion, and the Byrkits cite no authority supporting their argument that an award of attorney's fees on a Rule 91a motion overrides a judgment's recital that a dismissal is without prejudice.

We find the Brykits' counterarguments unavailing, sustain Litka's issue, and hold that the trial court erred in granting the plea of res judicata and dismissing with prejudice the Second Contract Case. Additionally, because the only basis supporting the Byrkits' petition for the anti-suit injunction was the plea of res judicata, we conclude that the trial court abused its discretion in granting the anti-suit injunction. We accordingly reverse the trial court's anti-suit injunction.

**CONCLUSION**

We reverse the trial court's final judgment dismissing with prejudice Litka's lawsuit and issuing an anti-suit injunction and remand this cause for further proceedings consistent with this opinion.

8

_____

Karin Crump, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Reversed and Remanded

Filed:   May 21, 2026