Charles Margett, J.
This is an application by one Dolores Di Stefano to compel the Motor Vehicle Accident Indemnification Corporation (hereinafter referred to as the MVAIC) to ‘ ‘ proceed with arbitration pursuant- to the terms of a certain insurance contract ”. " -
The petition is made by the applicant’s attorney rather than the applicant herself.' Nevertheless, for convenience, she will hereinafter be referred to as the petitioner.
*69 . The. facts as they appear from the petition and documents annexed are in substance as follows. On or about June 11, I960, the vehicle owned by petitioner’s husband and being operated by petitioner was, while stopped, struck in the rear by a vehicle owned by one Jack Bonnet and operated by one Robert D. Bonnet, which was, in turn, struck in the rear by a vehicle owned and operated by one Wallace Hill.
. On June 15,1960, a claim letter was sent to Hill. Thereafter, the precise date does not appear, petitioner’s attorney requested a copy of Hill’s motor vehicle report. On November 30, 1960, said attorney was advised by the Commissioner of Motor Vehicles that Hill was being requested to file a report, which he did on December 12, 1960.
• On January 23, 1961, petitioner’s attorney made a request for an insurance information search and on March 6, 1961, he received a report that on the date of the accident Hill was insured by the Allstate Insurance Company.
On March 15, 1961, verified summonses and complaints were :sent to a process server for service on the defendants named therein. Robert D. Bonnet was served on March 24, 1961, and he appeared by his attorneys on April 14,1961. Hill was served on March 29,1961, but has not appeared in the action.
During the months of July and August, 1961, petitioner’s attorney several times inquired of Allstate by telephone why an answer had not been interposed by Hill but received no satisfaction. On November 24, 1961, said attorney sent a letter to Allstate by registered mail, asking them either to disclaim or defend,.' Allstate did not answer.
• On December 15, 1961, a notice of claim was served on the MVAIC. By letter dated December 27, 1961, it rejected the claim on the ground that there had not been compliance with the provisions applicable to timely notice.
By notice of motion dated January 9, 1962, petitioner sought leave of this court to file a claim against the MVAIC pursuant to section 608 of the Insurance Law. In a memorandum dated February 16, 1962, Mr. Justice Scileppi denied the motion on the ground that petitioner was not a qualified person entitled to invoke section 608 but an insured person who was bound to follow the procedure specified in the New York Automobile Accident • Indemnification Endorsement (hereinafter referred to as the Endorsement) to her husband’s insurance policy. Denial of the motion was without prejudice to petitioner’s proceeding '..under that Endorsement. Mr. Justice •Scileppi’s observation ' that the. question of timely notice was not within the purview of the- arbitration clause in the Endorsement, citing Matter of *70 Motor Vehicle Acc. Ind. Corp. (Brown) (15 A D 2d 578), was obviously made for the purpose of forestalling, if possible, the taking of futile procedural steps with respect to that question (cf. Matter of McGuinness [Motor Vehicle Acc. Ind. Corp.], 32 Misc 2d 949).
Under the Endorsement, the MYAIC is responsible only for damages for bodily injury caused by uninsured automobiles. But, under subdivision 2-a of section 167 of the Insurance Law which provides the basis for and specifies the crucial contents of the provision required to be contained in every motor vehicle liability insurance policy, the MYAIC is also liable for the damages, not exceeding the amount fixed, which “ the insured or his legal representative shall be entitled to recover * * * from an owner or operator of * * * an insured motor vehicle where the insurer disclaims liability or denies coverage ” and 1 ‘ Any such policy which does not contain the aforesaid provision shall be construed as if such condition were embodied therein.” Pertinent, too, is subdivision 8 of section 167 which provides that ‘ ‘ If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily [sic] injury arising out of a motor vehicle accident occurring within this state, it shall give written notice as soon as is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.”
It appears on the instant application (1) that Hill was insured at the time of the accident and (2) that his insurer, Allstate, has not disclaimed liability or denied coverage. Under such circumstances, there is no present basis for proceeding against the MYAIC. (See Allstate Ins. Co. v. Manger, 30 Misc 2d 326, 333.) The application is accordingly denied.