Tranquilino GARCIA et al., Appellants,

v.

The TRAVELERS INSURANCE COM-
PANY, Appellee.

No. 873.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 31, 1973.

Rehearing Denied Nov. 21, 1973.

Ronald R. Romack, Romack & Bates,
Charles M. Coussons, Jr., Houston, for
appellants.

Paul E. Stallings, Vinson, Elkins, Searls,
Connally & Smith, Houston, for appellee.

CURTISS BROWN, Justice.

This is a suit based upon the family pro-
tection coverage (uninsured motorist) of a
standard automobile insurance policy.

Appellant Garcia, his wife, and his sis-
ter-in-law (Garcias) were injured in a two
car collision. Garcia is an insured of ap-
pellee Travelers Insurance Company
(Travelers) on a comprehensive automobile
insurance policy. The other vehicle in-
volved was owned and operated by one
Carr (occasionally referred to as Karr in
the court below). Carr was insured under
an automobile insurance policy issued by
State Farm Mutual Insurance Company
(State Farm). Neither Carr nor State
Farm are parties to this or any other suit
arising out of the collision in question.
Carr disappeared shortly after the collision
and has not been located despite efforts to
find him by both State Farm and the attor-
ney for appellants.

Trial was to the court without a jury,
and the judge rendered judgment for ap-
pellee based upon findings of fact and con-
clusions of law. These include a finding
that State Farm "has not denied coverage
under its policy issued to J. W. Carr" and
a finding "that J. W. Carr is not an unin-
sured motorist." These findings stand un-
challenged on this appeal.

Appellants bring only one point of error
and admit that they undertake to raise a
novel question. They ask us to hold that
the "failure of an insured tort-feasor to
notify and cooperate with his insurance
company after a collision, coupled with his
insurance company's refusal to negotiate
the injured party's claim renders the tort-
feasor an 'uninsured motorist.'"

The Texas Standard Farm Liability Pol-
icy and the Garcias' policy provide cover-
age for bodily injury caused by the owner-
ship, maintenance, or use of an uninsured
automobile. Pursuant to Texas Insurance

Code Ann. art. 5.06–1(2) (Supp.1972) V. A.T.S. an uninsured automobile is defined in the policy as, among others, an automobile "with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder. . . ." Early cases on uninsured motorist coverage in many jurisdictions held that the denial of coverage by the tort-feasor's insurer had to occur *before* a collision to make the tort-feasor an uninsured motorist. The more recent trend and the position adopted by the Texas Standard Form Liability Policy is that denial of coverage *after* the collision is sufficient to make the tort-feasor an uninsured motorist. Comment, Uninsured Motorist Protection, 1 Tex.Tech.L.Rev. 163, 172–76 (1969).

The question in this case is whether the existence of a possible policy defense and the failure to negotiate standing alone *compel* a finding that State Farm has denied coverage on its policy issued to Carr. Under the circumstances of this case we hold that the evidence does not compel such a finding.

There have been no Texas cases cited to us, and we have found none, which are directly in point. We therefore have looked to decisions of other jurisdictions to aid our construction of the policy language. New York has been a pioneer in uninsured motorist coverage and has created by statute a fund to indemnify persons injured by uninsured motorists. That statute defines an uninsured motor vehicle as, among others, one "where the insurer disclaims liability or denies coverage. . . ." N.Y. Ins.Law sec. 167 subd. 2–a (McKinney's Consol.Laws, c. 882, 1966). In Application of DiStefano, 34 Misc.2d 68, 228 N.Y.S.2d 404 (1962) the injured party brought suit against the tort-feasor who was insured by the Allstate Insurance Company. The tort-feasor failed to file an answer, and the injured party turned to Allstate asking them either to disclaim or defend the suit.

Allstate did not answer or take any action. The injured party then tried to recover from the statutory fund, which rejected his claim. The New York court held that under those circumstances there was no disclaimer of liability or denial of coverage so as to provide a basis for proceeding against the fund.

In Gonzalez v. Motor Vehicle Accident Indem. Corp., 48 Misc.2d 958, 266 N.Y.S.2d 640 (1966), the injured party sought to recover from the statutory fund because the tort-feasor failed to notify his insurer and because any action brought against the tort-feasor would be barred by limitations. The New York court held that this combination of events did not compel a conclusion as a matter of law that the vehicle was uninsured.

We would not like to be understood as holding that under circumstances similar to these State Farm has the unhindered right to avoid deciding the question as to whether one of its policy holders is protected by his policy of insurance. Circumstantial evidence of denial of coverage in fact may be shown. Quite a different question would have been presented by the record had the trial judge in this case made different factual findings. The covering company may delay or avoid decision as to coverage for such a length of time and in such a manner as to constitute some evidence of denial of coverage in fact. Defending under a reservation of right, a non-waiver agreement, or institution of a suit for declaratory judgment may constitute evidence of such denial in a proper case.

The evidence is ample to sustain the trial court's finding that there had been no denial of coverage. Mere inactivity by the insurer does not constitute a denial of coverage. The evidence does not establish as a matter of law that State Farm has acted arbitrarily or in bad faith.

Affirmed.