**Opinion filed March 14, 2013**



# In The

# Eleventh Court of Appeals

———————

## No. 11-11-00082-CV

———————

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant
## V.
## BOBBY BOWEN, Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause No. D-115,069**

### O P I N I O N

This is an appeal from a $20,000 judgment entered against an automobile insurer under its uninsured motorists coverage. We reverse and render.

*Background Facts*

This case arises out of an automobile accident that occurred on July 12, 2000, in New Mexico. Bobby Bowen was driving a vehicle owned by Linda Van Bramer at the time of the accident. He collided with a vehicle owned by Louie P. Campbell and driven by Carol A. Campbell.

Bowen filed the underlying suit against Carol and Louie Campbell in Ector County on March 27, 2003. He also filed suit against State Farm Mutual Automobile Insurance Company, Progressive Insurance, and Prudential Property and Casualty Insurance Company. With respect

to State Farm, Bowen alleged a claim under the "underinsured motorists" coverage of the insurance policy that State Farm had issued to Van Bramer. He also alleged underinsured motorists coverage claims against Prudential and Progressive.

Louie Campbell died prior to being served with the Ector County suit. Carol Campbell filed a special appearance to the Ector County suit that the trial court sustained on March 23, 2004. Bowen subsequently filed suit in New Mexico against Carol Campbell Payne and the Estate of Louie Campbell. The New Mexico trial court subsequently dismissed the second suit. Bowen states in his brief that he was "unable to collect damages from Campbell because his prior attorney failed to file suit within the statute of limitations."

Bowen's case against State Farm and Prudential proceeded to trial in Ector County on November 3, 2010.[1] The parties executed a "Stipulation of Facts" wherein they stipulated that the accident was caused by the negligence of Carol Campbell. They further stipulated that USAA had issued a policy of automobile insurance to Carol Campbell that included policy limits of $50,000 of liability coverage for bodily injury and that USAA had issued a policy of automobile insurance to Louie Campbell that included policy limits of $25,000 of liability coverage for bodily injury.

The court submitted a single question to the jury, requesting a determination of Bowen's damages arising from the automobile accident. The jury determined that he sustained total damages of $20,000. State Farm and Prudential filed a "Motion for Judgment on Jury Verdict" based upon the jury's verdict, seeking the entry of a take-nothing judgment. The trial court did not grant State Farm's motion but, instead, entered judgment against it for $20,000.

*Analysis*

In a single issue, State Farm contends that the trial court erred in rendering judgment against it based upon the jury's verdict because the amount of damages determined by the jury was less than the amount of liability coverage provided to the Campbells under the policies issued to them by USAA. We agree. As noted previously, the parties stipulated to almost all of the relevant facts. The only question submitted to the jury pertained to Bowen's damages resulting from the automobile accident. The relevant inquiry in this appeal focuses on the effect

---

[1]The trial court's judgment recites that Carol Campbell and Louie Campbell had been dismissed pursuant to its rulings on their special appearances and that Progressive Insurance had been granted summary judgment. Although Prudential was a party at trial, it is not a party to this appeal.

of the jury's determination under the terms of the insurance policy issued by State Farm to Van Bramer.

Insurance policies are interpreted according to the same principles that govern contract interpretation. *See Utica Nat'l Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 202 (Tex. 2004). The construction of an unambiguous contract is a question of law for the court, which we consider under a de novo standard of review. *See Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc.*, 297 S.W.3d 248, 252 (Tex. 2009); *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).

The relevant provision of the State Farm policy issued to Van Bramer reads as follows:

**PART C - UNINSURED/UNDERINSURED MOTORISTS COVERAGE**

**INSURING AGREEMENT**

A. We will pay damages which a ***covered person*** is legally entitled to recover from the owner or operator of an ***uninsured motor vehicle*** because of bodily injury sustained by a ***covered person***, or ***property damage***, caused by an accident.

. . . .

D. I. ***Uninsured motor vehicle*** means a land motor vehicle or trailer of any type,

    1. To which no liability bond or policy applies at the time of the accident,

    2. Which is a hit and run vehicle whose operator or owner cannot be identified and which hits:

        a. you or any ***family member***;

        b. a vehicle which you or any ***family member*** are ***occupying***; or

        c. ***your covered auto***.

    3. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

        a. denies coverage; or

        b. is or becomes insolvent.

4. Which is an underinsured motor vehicle. An underinsured motor vehicle is one to which a liability bond or policy applies at the time of the accident but its limit of liability either:

    a. is not enough to pay the full amount the ***covered person*** is legally entitled to recover as damages; or

    b. has been reduced by payment of claims to an amount which is not enough to pay the full amount the ***covered person*** is legally entitled to recover as damages.

Relying on policy provision D.I.1., State Farm contends that Carol Campbell was not an uninsured motorist because the USAA policies insuring her and the vehicle she was driving constituted liability policies that applied at the time of the accident. State Farm additionally contends that Carol Campbell was not an underinsured driver because the amount of liability coverage provided to her under the USAA policies exceeded the full amount of Bowen's damages as determined by the jury. Bowen acknowledges that Campbell had liability coverage through USAA at the time of the accident. However, Bowen contends that Campbell subsequently became an uninsured driver under policy provision D.I.3.a. because USAA ultimately denied paying Bowen's claim.

We focus our analysis on the meaning of "denies coverage" found above in D.I.3.a. The Fourteenth Court of Appeals addressed this provision in *Garcia v. Travelers Insurance Co.*, 501 S.W.2d 754 (Tex. Civ. App.—Houston [14th Dist.] 1973, no writ). In *Garcia*, the insured tortfeasor failed to notify and cooperate with his liability insurance company after a collision. Based upon the tortfeasor's failure to cooperate, the liability insurance carrier refused to negotiate with the claimant. Based upon these facts, the claimant asserted that the liability carrier had denied coverage, thereby triggering the uninsured motorists provision. The court rejected this contention by holding that the existence of a possible policy defense and the failure to negotiate did not compel a finding that the liability carrier had denied coverage under the terms of the uninsured motorists coverage.

The Fourteenth Court of Appeals relied on two cases from New York in reaching its interpretation of the insurance policy. One of those cases involved a situation similar to the situation present in this appeal. In *Gonzales v. Motor Vehicle Accident Indemnity Corp.*, 266

N.Y.S.2d 640, 655 (N.Y. Sup. Ct., Jan. 13, 1966), the injured party sought to recover under uninsured motorists coverage based in part upon the contention that any action brought against the tortfeasor would be barred by limitations. The New York court held that this situation did not compel a conclusion as a matter of law that the vehicle was uninsured. *Gonzales*, 266 N.Y.S.2d at 655; *see Garcia*, 501 S.W.2d at 755.

The claimant in *Mendoza v. Met Life Auto & Home Insurance Agency, Inc.*, No. 2:09-cv-01872-RCJ-RJJ, 2011 WL 467693, at *5 (D. Nev. Feb. 4, 2011), asserted that any refusal of a liability insurer to pay a claim equals a "denial of coverage" under the uninsured motorists coverage. The court rejected this contention by holding that there is a legal distinction between a denial of coverage and a denial of liability. The court quoted *Page v. Insurance Co. of North America*, 64 Cal. Rptr. 89, 94 (Cal. Ct. App. 1967), for the following proposition:

> "Coverage" and "claim" are by no means synonymous; indeed, it is practically a matter of common knowledge that an insurer against whom a claim is made will frequently deny such claim on issues relating to liability even though coverage actually is afforded in the event that the question of liability is eventually determined against it.

The federal district court also cited 24 ERIC MILLS HOLMES, APPLEMAN ON INSURANCE § 147.4, at 49 (2d ed. 2004), for its statement that, "[g]enerally, a denial of the victim's claim will not amount to denial of coverage" under the uninsured motorists coverage.

The Campbells were not uninsured motorists because they had $75,000 in liability coverage provided by USAA. There is no evidence that USAA ever denied that the Campbells had coverage under the liability policies. Bowen did not obtain a recovery under the USAA liability policies because he was barred by limitations from obtaining a judgment against the Campbells. This did not amount to a denial of coverage under the uninsured motorists coverage provided by State Farm's policy. State Farm's issue is sustained.

Additionally, Bowen presents a cross-issue in his brief wherein he contends that the trial court erred by failing to also enter judgment against Prudential based upon the jury's verdict. However, Bowen did not file a notice of appeal. Any party seeking to alter a trial court's judgment or other appealable order must file a notice of appeal. TEX. R. APP. P. 25.1(c). Unless a party seeking to alter a trial court's judgment files a notice of appeal of its own, the appellate court is not permitted to grant more favorable relief than the trial court except for just cause. *Id.*;

*see also Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 171 (Tex. 2004). Bowen's cross-issue is overruled.

## *This Court's Ruling*

The judgment of the trial court is reversed. We render a judgment that Bowen take nothing from State Farm.


TERRY McCALL

JUSTICE

March 14, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.