**Opinion filed May 30, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00112-CV

_____

## BOBBY BOWEN, Appellant

## V.

## ROBERT E. WHITE AND CHILDS, BISHOP & WHITE, PC, Appellees

**On Appeal from the 70th District Court**
**Ector County, Texas**
**Trial Court Cause No. A-119,070**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a take-nothing summary judgment in a legal malpractice suit. Attorney Robert E. White and the law firm of Childs, Bishop & White, PC (referred to collectively in this opinion as "White") had represented Bobby Bowen in a personal injury case involving a vehicle collision. After Bowen's claims for personal injury against the driver and the owner of the vehicle

that collided with Bowen were dismissed, Bowen filed a malpractice suit against White in which Bowen asserted claims for negligence and gross negligence. White moved for summary judgment on traditional and no-evidence grounds. The trial court granted White's motion. We reverse and remand in part and affirm in part.

*Issues*

Bowen presents two issues on appeal. In the first issue, he argues that the trial court erred when it sustained White's objection to Bowen's summary judgment evidence. In his second issue, Bowen contends that the trial court erred in granting White's motion for summary judgment.

*Summary Judgment Evidence*

The first issue relates to the affidavit that Bowen filed in response to White's motion for summary judgment. The "affidavit" attached to the response and sent to opposing counsel was not notarized and did not contain Bowen's signature. The response and its attachments were filed in the district clerk's office on the morning of March 7, 2012. Later that day, Bowen filed in the district clerk's office another copy of the affidavit; the separately filed affidavit was signed by Bowen and properly notarized.

White objected to Bowen's summary judgment evidence and asked that Bowen's affidavit be struck because it was not signed and notarized. Upon determining that the affidavit was "unsigned and/or unverified" and that it was "untimely filed," the trial court sustained White's objection. On appeal, Bowen addresses the lack of signature and notarization, but he does not address the timeliness of the filing of his affidavit.

The record supports the trial court's finding that Bowen's affidavit was not timely filed. Rule 166a(c) of the Texas Rules of Civil Procedure provides: "Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."

2

Summary judgment evidence may be filed late "only with leave of court." *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex. 1996). White filed the motion for summary judgment on November 7, 2011. Bowen's response and affidavit were filed in the trial court on March 7, 2012. The record and the trial court's docket sheet reflect that the hearing on the motion for summary judgment was conducted on March 13, 2012, and that Bowen did not obtain leave of court when he filed his response and affidavit less than seven days prior to the date of the hearing. Therefore, the trial court did not err in refusing to consider Bowen's affidavit because it "was not properly before the trial court." *See id.* Bowen's first issue is overruled.

*Traditional Summary Judgment*

White sought a traditional summary judgment with respect to Bowen's negligence cause of action. In the motion, White asserted that Bowen's negligence claim was barred by collateral estoppel and the one-satisfaction rule because Bowen had already sued the automobile liability carriers and had been awarded damages for his injuries from the accident. In support of this contention, White attached a judgment signed on March 22, 2011, in cause no. D-115,069 in the 358th District Court of Ector County in which Bowen was awarded damages of $20,000 against State Farm Mutual Insurance Company under its uninsured motorists coverage of the vehicle that was being driven by Bowen at the time of the collision.

At the time that White filed the motion for summary judgment and at the time that the trial court in this cause rendered summary judgment in favor of White, the judgment in trial court cause no. D-115,069 against State Farm retained its preclusive effects against Bowen, such as collateral estoppel, res judicata, and the one-satisfaction rule. *See Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 5–6 (Tex. 1986). However, the judgment of the trial court in cause no. D-115,069 was

reversed on direct appeal to this court. *State Farm Mut. Auto. Ins. Co. v. Bowen*, 406 S.W.3d 182 (Tex. App.—Eastland 2013, no pet.). In that appeal, we rendered judgment that Bowen take nothing from State Farm. *Id.* at 186. Bowen's judgment against State Farm has thus been annulled. *See Butler v. Eaton*, 141 U.S. 240, 243 (1891); *see also Watson v. Houston Indep. Sch. Dist.*, No. 01-04-01116-CV, 2005 WL 3315254, at *1 & n.2 (Tex. App.—Houston [1st Dist.] Dec. 8, 2005, no pet.) (mem. op.) (taking judicial notice of sister court's reversal of earlier judgment that was relied upon in subsequent case to establish affirmative defense of res judicata and recognizing that earlier judgment "is no longer a final judgment because a reversed judgment is generally nullified").

"A judgment in a second case based on the preclusive effects of a prior judgment should not stand if the first judgment is reversed." *Scurlock Oil*, 724 S.W.2d at 6 (citing *Butler*, 141 U.S. at 243). In *Butler*, the Supreme Court exercised "judicial knowledge" of its reversal of an earlier trial court judgment that was relied upon as a basis for "estoppel or bar" by the trial court in a subsequent judgment. 141 U.S. at 241, 244. In the appeal of the subsequent judgment, the Supreme Court, having reversed the earlier judgment, recognized the "total present insufficiency of the ground" that supported the subsequent judgment. *Id.* at 243. Similarly, our sister court took judicial notice of the reversal on appeal of a judgment that had been relied upon as the basis for the defendant's assertion of res judicata in *Watson*. Likewise, we take judicial notice of our opinion and judgment in *State Farm* in which we reversed the judgment that was relied upon in this case by White as support for White's defenses of collateral estoppel and one satisfaction as asserted in the motion for summary judgment. Because collateral estoppel and one satisfaction were the only two grounds upon which White moved for summary judgment on Bowen's negligence claims, we must reverse that portion of the summary judgment granting White's traditional motion for summary judgment.

4

Bowen's second issue is sustained with respect to the negligence cause of action.

*No-Evidence Summary Judgment*

White moved for summary judgment on no-evidence grounds with respect to Bowen's cause of action for gross negligence. In the motion, White asserted that there was no evidence that White was grossly negligent in the representation of Bowen because there was no evidence that White's acts or omissions involved an extreme degree of risk, no evidence that White was aware of the risk, and no evidence that White proceeded with conscious indifference. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.001(11) (West 2008); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004) (components of gross negligence).

A no-evidence summary judgment motion made pursuant to TEX. R. CIV. P. 166a(i) is essentially a motion for a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). Once such a motion is filed, the burden shifts to the nonmoving party to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *Tamez*, 206 S.W.3d at 582; *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). We review the summary judgment evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Tamez*, 206 S.W.3d at 582; *see Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). An appellate court reviewing a summary judgment must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *Mayes*, 236 S.W.3d at 755; *City of Keller*, 168 S.W.3d at 827.

The only summary judgment evidence presented by Bowen in response to White's motion for summary judgment was the affidavit of Bowen that was struck

5

by the trial court and two pages from two automobile policy packets that indicated that the driver and the owner of the vehicle that collided with Bowen had liability insurance. Bowen failed to present any summary judgment evidence relating to the elements of gross negligence upon which White based the no-evidence motion for summary judgment. We hold, therefore, that Bowen failed to meet his burden under Rule 166a(i) to raise a genuine issue of material fact as to the elements of gross negligence that were specified in White's no-evidence motion. Bowen's second issue is overruled insofar as it challenges the trial court's grant of White's no-evidence motion for summary judgment on the gross negligence cause of action.

### *This Court's Ruling*

We reverse the judgment of the trial court insofar as it entered a take-nothing summary judgment on the negligence cause of action asserted by Bowen against White. We affirm the judgment of the trial court in all other respects, including its entry of a take-nothing summary judgment against Bowen on his gross negligence cause of action. The cause is remanded for further proceedings.


JOHN M. BAILEY
JUSTICE


May 30, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6