ACCEPTED
01-13-00963-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/4/2015 5:47:47 PM
CHRISTOPHER PRINE
CLERK

## No. 01-13-00963-CV

IN THE FIRST COURT OF APPEALS
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/4/2015 5:47:47 PM

CHRISTOPHER A. PRINE
Clerk

# MEDICAL DISCOUNT PHARMACY, L.P., LIFECHEK ROSENBERG GP, INC., LIFECHEK, INC., AND BRUCE V. GINGRICH, INDIVIDUALLY,

**Appellants**

**v.**

## STATE OF TEXAS,

**Appellee**

On Appeal from
Cause No. 12-DCV-196841
In the 434th District Court of Fort Bend County, Texas

## APPELLANTS' RESPONSE TO APPELLEE'S
## MOTION FOR REHEARING

Bruce E. Ramage
State Bar No. 16492500
*ramage@mdjwlaw.com*
Levon G. Hovnatanian
State Bar No. 10059825
*hovnatanian@mdjwlaw.com*
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
(713) 632-1700 – Phone
(713) 222-0101 – Facsimile

TO THE HONORABLE COURT OF APPEALS:

In its motion for rehearing, the department seeks an alteration of the judgment that is improper because it has not filed a notice of appeal. The department asserts the following:

> The judgment of the Court of Appeals erroneously renders judgment that the State of Texas take nothing on its claims against Lifechek Rosenberg GP, Inc. The judgment of the Court of Appeals should be corrected to state that Lifechek Rosenberg GP, Inc., as general partner of Medical Discount Pharmacy, L.P., is jointly and severally liable for the judgment rendered against the limited partnership, Medical Discount Pharmacy, L.P.

Mot. at 2. However, the judgment the Court rendered is not erroneous: The department has never previously asked, here or in the trial court, that Lifechek Rosenberg GP, Inc. be held jointly and severally liable for the violations MDP supposedly committed, and it is too late to do so now.

"A party who seeks to alter the trial court's judgment . . . must file a notice of appeal." TEX. R. APP. P. 25.1(c). "Unless a party seeking to alter a trial court's judgment files a notice of appeal of its own, the appellate court is not permitted to grant more favorable relief than the trial court except for just cause." *New York Party Shuttle, LLC v. Bilello*, 414 S.W.3d 206, 218 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). "If an appellee is satisfied with the relief granted by the trial court, but merely wants to present additional, independent grounds for affirming the trial court's judgment, no notice of appeal is required. The independent grounds for affirmance can be raised in a cross-point as long as the

1

appellee is not requesting greater relief than that awarded by the trial court." *Dean v. Lafayette Place (Section One) Council of Co-Owners, Inc.,* 999 S.W.2d 814, 818 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

In *Small v. Specialty Contractors, Inc.*, 310 S.W.3d 639, 641 (Tex. App.—Dallas 2010, no pet.), the trial court dismissed the litigation after the disputes had been arbitrated. The appellants challenged the order compelling arbitration. *Id*. at 644. The appellee contended that trial court should have stayed the litigation, not dismissed it. *Id*. at 642. The court held the appellee could not make that argument because "appellees have not cross-appealed based on a claim the trial court erred in dismissing, rather than staying the case." *Id*. at 643.

In *State Farm Mutual Automobile Insurance Co. v. Bowen*, 406 S.W.3d 182, (Tex. App.--Eastland 2013, no pet.), the trial court rendered judgment on a jury verdict against State Farm for $20,000 under underinsured motorist coverage. State Farm successfully argued that the trial court should have rendered a take nothing judgment because the motorists were not uninsured or underinsured drivers. *Id*. at 183, 184.

The appellee asserted that the trial court should have also rendered judgment based on the verdict against another insurer. *Id*. at 185. The court held that the appellee was improperly seeking alteration of the judgment without filing a notice of appeal: "Any party seeking to alter a trial court's judgment or other appealable

2

order must file a notice of appeal. Tex. R. App. P. 25.1(c). Unless a party seeking to alter a trial court's judgment files a notice of appeal of its own, the appellate court is not permitted to grant more favorable relief than the trial court except for just cause." *Id.  See also Reich & Binstock, L.L.P. v. Scates*, 455 S.W.3d 178, 188 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (appellee who sought remand for a determination of appellate attorney's fees after affirmance was seeking more relief than the trial court granted because it had not filed a notice of appeal).

Here, the trial court never rendered judgment that Lifechek Rosenberg GP was jointly and severally liable for the penalties assessed against MDP based on MDP's conduct.  CR 962.  Nor did the department ever request that relief in the trial court.  The trial court rendered judgment only that Lifechek Rosenberg GP was liable for penalties assessed against Lifechek Rosenberg GP based on Lifechek Rosenberg GP's supposed conduct.  Thus, the department is asking for relief greater than what the trial court granted, but has not filed a notice of appeal. Consequently, the Court is not authorized to grant the relief the department requests. *See Bilello*, 414 S.W.3d at 218.

Nor is rendering judgment that Lifechek Rosenberg GP is jointly and severally liable for penalties assessed against MDP an independent basis for affirming the judgment.  As shown above, the judgment granted the department relief in the form of penalties assessed against Lifechek Rosenberg GP for its own

3

supposed conduct that violated the act.  The rendition of judgment that Lifechek Rosenberg GP is jointly and severally liable for penalties assessed against MDP based on MDP's conduct is not an independent basis for affirmance of the judgment that held Lifechek Rosenberg GP liable for penalties based on Lifechek Rosenberg GP's conduct.  The department makes no attempt to show that it is.

The department's motion for rehearing should be denied.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.


By: */s/ Bruce E. Ramage*
    Bruce E. Ramage
    State Bar No. 16492500
    *ramage@mdjwlaw.com*
    Levon G. Hovnatanian
    State Bar No. 10059825
    *hovnatanian@mdjwlaw.com*
808 Travis, 20th Floor
Houston, Texas 77002
(713) 632-1700 – Telephone
(713) 222-0101 – Facsimile

*ATTORNEYS FOR APPELLANTS MEDICAL DISCOUNT PHARMACY, L.P., LIFECHEK ROSENBERG GP, INC., LIFECHEK, INC., AND BRUCE V. GINGRICH, INDIVIDUALLY*

## CERTIFICATE OF COMPLIANCE

This is to certify that this computer-generated appellants' response to appellee's motion for rehearing contains 846 words.

/s/ Bruce E. Ramage
Bruce E. Ramage
Dated: September 4, 2015


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing appellants' response to appellee's motion for rehearing has been forwarded to all counsel listed below on this 4th day of September, 2015, by the methods indicated below:

Ms. Rosemarie M. Donnelly
OFFICE OF THE ATTORNEY GENERAL
Consumer Protection and Public Health Division
808 Travis, Suite 1520
Houston, TX 77002
*rosemarie.donnelly@texasattorneygeneral.gov*
*(Attorneys for appellee the State of Texas)*
*(via e-filing and e-mail )*

/s/ Bruce E. Ramage
Bruce E. Ramage